UNION PLAZA HOTEL, APPELLANT, *v.*
ARISTA JACKSON, RESPONDENT.

No. 16396

December 11, 1985                    709 P.2d 1020

[Rehearing denied June 19, 1986]

*Jerry Collier Lane,* Las Vegas, for Appellant.

*King, Clark, Gross & Sutcliffe,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Appellant Union Plaza Hotel, a self-insured employer, appeals from an order of the district court affirming the decision of an appeals officer. For the reasons set forth below, we reverse.

Respondent Arista Jackson injured her back while working for appellant Union Plaza Hotel on March 14, 1983. During the course of her medical treatment, she was seen by several doctors and ultimately referred to the Jean Hanna Clark Rehabilitation Center for physical therapy.

On November 21, 1983, respondent was examined for permanent partial disability by a rating physician. In his report dated December 8, 1983, the rating physician concluded that although respondent had demonstrated a loss of range of motion, she had not suffered a permanent partial disability. The rating physician recommended a zero percent award and closure of respondent's claim. Union Plaza ratified this determination.

Respondent appealed to a hearing officer who affirmed the closure of her claim with no award. Respondent then appealed to

an appeals officer. The appeals officer determined that the rating undertaken by the physician was not dispositive of the issue of permanent partial disability, and ordered that Union Plaza refer respondent to either one of two named physicians for a second rating evaluation. Union Plaza subsequently petitioned the district court for judicial review, and the district court affirmed the decision of the appeals officer. Union Plaza has appealed, arguing that the appeals officer exceeded his jurisdiction by ordering that a second rating evaluation be conducted by either of two physicians named by the appeals officer. We agree.

The power of an appeals officer to order another medical evaluation is limited by NRS 616.540. NRS 616.540 provides in relevant part:

> 1. If on a claim for compensation by an injured employee any medical question or the extent of disability of an injured employee is in controversy, *an appeals officer* or the insurer *may refer the case to the medical board* which serves the appropriate medical board district. (Emphasis added.)

When the situation arises, as it did in the present case, where the appeals officer disagrees with and rejects the rating physician's conclusions, and the appeals officer determines that the claimant should be reevaluated, the only alternative available to the appeals officer is set forth in NRS 616.540.

Respondent points out that NRS 616.5416(3) provides that a hearing officer has the power to refer a claimant to a physician chosen by the hearing officer in order to resolve a medical question.[1] Respondent then argues that because an appeals officer occupies a higher administrative appellate level than a hearing officer, an appeals officer possesses at least the same authority as a hearing officer. We cannot adopt respondent's assertion. As stated by this court in V. & T.R.R. Co. v. Ormsby County, 5 Nev. 341, 347 (1870):

> There is no rule of construction which will authorize the application of provisions contained in one law respecting a certain officer or body, to another and different officer or body mentioned in another law, although the laws be *in pari materia,* and the duties imposed upon such officers be similar in character.

---

[1] NRS 616.5416(3) provides in pertinent part:

> If necessary to resolve a medical question concerning an injured employee's condition, the hearing officer may refer the employee to a physician chosen by the hearing officer. If the medical question concerns the rating of a permanent disability, the hearing officer may refer the employee to a physician designated by the administrator.

We are not empowered to go beyond the face of a statute to lend it a construction contrary to its clear meaning. Cirac v. Lander County, 95 Nev. 723, 729, 602 P.2d 1012, 1016 (1979).

The legislature, by enacting NRS 616.540 and 616.5416(3), expressly provided two different and distinct grants of authority at two separate administrative appellate levels. The appeals officer in the present case, therefore, exceeded his jurisdiction by exercising the authority specifically delegated to the hearing officer and referring the claimant to a physician chosen by the officer. The appeals officer should have instead referred respondent to the appropriate medical board in accordance with NRS 616.540.

Accordingly, the order of the district court is reversed and the district court is instructed to remand the matter to the appeals officer for further proceedings consistent with this opinion.