946 F.2d 899
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carl NEWMILLER; Nelson Velazquez, Plaintiff-Appellants,
v.
FARMERS INSURANCE EXCHANGE; Truck Insurance Exchange; Fire
Insurance Exchange; Midcentury Insurance Company; and
Farmers New World Life Insurance Company, d/b/a the Farmers
Insurance Group of Companies, Defendants-Appellees.
 No. 90-16266.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 11, 1991.*
Decided Oct. 18, 1991.
 
 Before SKOPIL, PREGERSON and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 This is an action by two insurance agents against an insurance company alleging wrongful termination and breach of contract. The district court granted summary judgment for the company. We agree with the district court that the agents were terminable at-will and that they each failed to allege facts sufficient to constitute a breach of their employment contract. We affirm.
 
 DISCUSSION
 1. Wrongful Discharge
 
 3
 The district court concluded that the agents were independent contractors and not employees of Farmers. The agents contend that whether they were employees is a material question of fact that precludes summary judgment. We disagree. Farmers' contracts expressly state that an employer-employee relationship is not created, but rather that each agent "is an independent contractor for all purposes." Furthermore, under Nevada law in effect at the time of the agents' discharge, an insurer was entitled to terminate an agent's appointment "at any time," subject only to limitations created by contract. Nev.Rev.Stat. § 683A.290(1) (1986). Here, the contracts provide that the relationship may be terminated by either the agent or the company on three months written notice. The contracts do not specify that Farmers must have cause to terminate.
 
 
 4
 The agents argue that extrinsic evidence shows that the parties intended to create employment contracts that could not be terminated without just cause. The Nevada Supreme Court has stated, however, that general expressions of job longevity, security, advancement, and established disciplinary procedures are inadequate, as a matter of law, to rebut the presumption that an employee can be terminated at-will. See Bally's Grand Emp.Fed.Cr. Union v. Wallen, 105 Nev. 553, 779 P.2d 956, 957 (1989); Vancheri v. GNLV Corp., 105 Nev. 417, 777 P.2d 366, 370 (1989). The agents' proffered evidence is insufficient as a matter of law to overcome the presumption of at-will employment. See Bally's 779 P.2d at 958.
 
 
 5
 The agents argue that regardless of their employment status, an implied covenant of good faith and fair dealing should extend to their employment contracts. Nevada recognizes the tort of bad faith discharge where an employer breaches an implied covenant of good faith and fair dealing, but only in "those rare and exceptional instances where the employer's conduct goes well beyond the bounds of ordinary breach of contract liability." Smith v. Cladianos, 104 Nev. 67, 752 P.2d 233, 235 (1988). The doctrine's application to at-will employees is further restricted to conduct that violates public policy. See Vancheri, 777 P.2d at 370; Smith, 752 P.2d at 235. The district court expressly held that Farmers did not violate any public policy of the State of Nevada. We agree and reject the agents' argument.
 
 2. Breach of Contract Claims
 
 6
 The agents contend that Farmers breached their agency contracts by placing certain underwriting restrictions upon them prior to their discharges. The district court held that the agents were either estopped from asserting the alleged breaches, or alternatively, that the agents failed to assert facts which constitute a breach of the contracts.
 
 
 7
 We conclude that the agents are not estopped from asserting their breach of contract claims. See American Bank Stationery v. Farmer, 106 Nev. 698, 799 P.2d 1100, 1103 (1990) (former employee was not estopped from litigating alleged wrongful discharge when settlement agreement did not expressly prohibit suit). We nevertheless affirm on the district court's alternative ground that the agents failed to assert facts which if taken as true would constitute a breach of the agency contracts. Nothing in the contracts prohibited Farmers from limiting the underwriting policies of the agents. To avoid summary judgment on the breach of contract claims, the agents were required to show that the written contracts were ambiguous and extrinsic evidence was required to ascertain the intent of the parties. See Mullis v. Nevada Nat. Bank, 98 Nev. 510, 654 P.2d 533, 536 (1982). The agents failed to meet that burden and accordingly the district court's summary judgment on their breach of contract claims is affirmed.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3