950 RYLAND, INC., DBA SIERRA EYE ASSOCIATES, APPELLANT, *v.* DELORES K. DAANE, RESPONDENT.

No. 21721

November 10, 1992                    840 P.2d 1236

[Rehearing denied February 1, 1993]

*Jones, Jones, Close & Brown* and *Douglas A. Sloane,* Reno, for Appellant.

*Digesti & Peck,* Reno, for Respondent.

## OPINION

*Per Curiam:*

Respondent, Delores Daane ("Daane"), had worked for appellants, 950 Ryland, Inc., dba Sierra Eye Associates ("Sierra"), for more than four years when she became pregnant with twins and was advised by her doctor to take a medical leave of absence. Sierra had an unwritten policy of granting maternity leave for a period of six to eight weeks to its employees; however, Sierra agreed to grant Daane a leave of absence for four to six months. Daane commenced her leave on May 31, 1988.

On September 12, 1988, Daane informed Sierra that she would be returning to work on November 2, 1988. Sierra then advised Daane that her former position was no longer available.[1] Consequently, Daane brought suit against Sierra for violation of the Nevada maternity leave statute, NRS 613.335. Under NRS 613.335, employers who grant leave to their employees for a medical condition must grant the same benefits to their female employees who are pregnant.[2]

At trial, the parties disputed whether Sierra had given a former employee, Karen Parlane ("Parlane"), an indefinite leave of absence to care for her sick mother. Parlane testified that she informed Sierra she would be gone for approximately three or four weeks; however, after remaining absent for three months, Parlane contacted Sierra and stated that she would not be returning to work. It is not clear how long Sierra held Parlane's job open.

At the conclusion of the trial, the jury found that Sierra had

---

[1]The parties disputed whether Daane was offered a different position. Sierra claimed that it offered Daane a different position but that she turned it down; Daane claimed she was not offered a different position.

[2]NRS 613.335 provides, in part:

> If an employer grants leave with pay, leave without pay, or leave without loss of seniority to his [or her] employees for sickness or disability because of a medical condition, it is an unlawful employment practice to fail or refuse to extend the same benefits to any female employee who is pregnant.

violated the Nevada maternity leave statute. As a result, Daane was awarded $52,194.00 in damages.

On appeal, Sierra contends that the jury improperly found that Sierra violated the maternity leave statute. We agree. Under the statute, Daane was required to show that Sierra refused to grant the same medical leave benefits to her that Sierra extended to other employees. The only evidence that Daane produced to show disparate treatment was based on the leave granted to Parlane. Parlane, however, was neither sick nor disabled because of a medical condition as required by the statute. Instead, she was given a leave of absence in order to leave the country and be with her sick mother in New Zealand. Parlane indicated that she would be gone for only three or four weeks, but in fact, she never returned to work. It is thus clear that there was no basis for the jury's determination that Sierra had violated the maternity leave statute. First, the statute applies only to employees who are sick or disabled because of a medical condition. Sierra's willingness to grant a leave of absence to Parlane, a healthy employee, in order to visit her sick mother thus constituted no historical basis for a comparison with the maternity leave benefits extended to Daane. Second, Parlane's failure to return to work provided no evidentiary basis for a finding of disparate treatment concerning Daane in any event.

We have held that a jury verdict should be overturned only if it is not supported by substantial evidence. Bally's Employees' Credit Union v. Wallen, 105 Nev. 553, 779 P.2d 956 (1989). For the reasons cited above, we conclude that the jury verdict was not supported by substantial evidence.

We thus conclude that the finding of a violation of the maternity leave statute was improper. We therefore reverse the judgment of the district court.

SPRINGER, ROSE, STEFFEN and YOUNG, JJ., and FONDI, D. J.,[3] concur.

---

[3]The Honorable Michael E. Fondi, Judge of the First Judicial District Court, was designated by the Governor to sit in place of THE HONORABLE JOHN MOWBRAY, Chief Justice. Nev. Const. art. 6, § 4.