NICK TIENDA AND MARY TIENDA, HUSBAND AND WIFE; AND CRUZ TIENDA AND ANITA TIENDA, HUSBAND AND WIFE, APPELLANTS, v. HOLIDAY CASINO, INC., A NEVADA CORPORATION, RESPONDENT.

No. 23555

May 27, 1993                                    853 P.2d 106

*William E. Freedman,* Las Vegas, for Appellants.

*Barker, Gillock, Koning, Brown & Earley* and *Nia C. Killebrew,* Las Vegas, for Respondent.

# OPINION

*Per Curiam:*

Appellants, after having their vehicle parked by the valet at the Holiday Casino, Inc., returned to find that the vehicle and all personal items contained in it were missing. The district court granted partial summary judgment to Holiday Casino, Inc., pursuant to NRS 651.010 (Innkeepers' Liability Statute). We reverse that judgment.

## Facts

On December 29, 1990, the four appellants, Nick and Mary Tienda, husband and wife, and Cruz and Anita Tienda, husband and wife (collectively "the Tiendas"), arrived in Las Vegas, Nevada, in a 1986 Chevrolet van owned by Cruz. Upon arrival the Tiendas had their vehicle parked by the valet at the Holiday Casino. The driver, Nick Tienda, received a dark orange claim check marked with the number 133, in exchange for the vehicle and keys. The claim check had the following information printed on the reverse side:

> THE HOLIDAY CASINO/HOLIDAY INN HOTEL PROVIDES VALET PARKING AS A COURTESY TO ITS GUESTS AND ASSUMES NO LIABILITY FOR THEFT, FIRE OR DAMAGE TO ANY CAR, EQUIPMENT OR ARTICLES LEFT IN THE VEHICLE. THE VEHICLE AND ITS CONTENTS ARE PARKED AT THE OWNER'S RISK.
> ### PARKING CLAIM CHECK
> ### PARKING CONTRACT

According to the Tiendas, the valet parking attendant assured them that he would take care of their vehicle. The Tiendas claim

they had luggage and personal property inside the vehicle in plain view.

After the valet attendant parked the vehicle, the Tiendas proceeded inside the Holiday Casino and checked in to the hotel as guests. When the appellants registered at the Holiday Casino, both Cruz and Nick signed guest registration slips which provided the following:

> Money or items of value must be placed in safe-deposit boxes which are provided without charge at the Front Desk, otherwise we will not be liable for any loss.

Each hotel room had a notice which provided in pertinent part the following:

### Complimentary Safe Deposit Box
### Available At The Hotel Front Desk

. . . .

**LIMITED LIABILITY OF INNKEEPERS.** No hotel owner or keeper in Nevada shall be liable for the theft, loss, damage or destruction of any property left in the room of any guest because of theft, burglary, fire or otherwise, in the absence of gross neglect on the part of such owner or keeper. **NEVADA REVISED STATUTES.** Sec. 651.010

The following day the Tiendas returned to the Holiday Casino's valet parking area to retrieve their vehicle. The parking attendant, upon receiving the claim check, unsuccessfully looked for the keys. Someone had placed a white claim check in place of the Tiendas' keys. After the Holiday Casino parking attendant and Cruz were unable to locate the vehicle, the Tiendas filed stolen vehicle reports with Holiday Casino security and the Las Vegas Metropolitan Police Department.

Several days later, the vehicle was found not far from the Holiday Casino, absent the Tiendas' personal property. Subsequently, the Holiday Casino reimbursed the Tiendas' insurance carrier for the loss of the vehicle. The Tiendas received no compensation for the loss of the vehicle contents.

The appellants, Nick Tienda, Mary Tienda, Cruz Tienda, and Anita Tienda, filed a complaint against the Holiday Casino for the stolen vehicle contents. Cruz and Anita Tienda sought $17,558.00, and Nick and Mary Tienda sought $7,797.44. The Tiendas alleged that the Holiday Casino acted negligently in allowing the property to be stolen.

In response, the Holiday Casino moved for partial summary judgment, arguing that in accordance with NRS 651.010 each appellant's claim was limited to the statutory amount of $750.00. Thereafter, the district court granted the Holiday Casino partial

summary judgment, limiting each appellant's claim to $750.00, in accordance with NRS 651.010.

The Tiendas appealed to this court, contending that NRS 651.010 does not extend to valet parking areas of an innkeeper's premises. We agree and reverse.

## Discussion

Summary judgment is only appropriate when, after a review of the record in a light most favorable to the non-moving party, there remain no genuine issues of material fact and it is determined that the moving party is entitled to judgment as a matter of law. Butler v. Bogdanovich, 101 Nev. 449, 451, 705 P.2d 662, 663 (1985).

"On appeal, this court reviews the record in part to evaluate the findings by the district court that there are no genuine issues of material fact. Since we review the entire record anew and without deference to the findings of the district court, in that sense our review is *de novo.*" Caughlin Homeowners Ass'n v. Caughlin Club, 109 Nev. 264, 849 P.2d 310 (1993).

NRS 651.010 limits the civil liability of innkeepers. When enacted in 1953, NRS 651.010 provided in pertinent part:

> No owner or keeper of any hotel, inn, motel, motor court, or boarding or lodginghouse in this state shall hereinafter be civilly liable for the loss of any property left in the room of any guest of any such establishment by reason of theft, burglary, fire or otherwise, in the absence of gross neglect upon the part of such keeper or owner.

1953 Nev. Stat., ch. 256, § 1. In 1979 the legislature amended NRS 651.010 to provide the following:

> 651.010 Civil liability of innkeepers limited.
>
>   1. No owner or keeper of any hotel, inn, motel, motor court, boardinghouse or lodginghouse in this state is civilly liable for the theft, loss, damage or destruction of any property left in the room of any guest of such an establishment because of theft, burglary, fire or otherwise, in the absence of gross neglect by the owner or keeper.
>
>   2. If an owner or keeper of any hotel, inn, motel, motor court, boardinghouse or lodginghouse in this state provides a fireproof safe or vault in which guests may deposit property for safekeeping, and notice of this service is personally given to a guest or posted in the office and guest's room, the owner or keeper is not liable for the theft, loss, damage or destruction of any property which is not offered for deposit in the safe or vault by a guest unless the owner or keeper is

grossly negligent. An owner or keeper is not obligated to receive property to deposit for safekeeping which exceeds $750 in value or is of a size which cannot easily fit within the safe or vault.

3. The liability of the owner or keeper under this section does not exceed the sum of $750 for any property of an individual guest, unless the owner or keeper receives the property for deposit for safekeeping and consents to assume a liability greater than $750 for its theft, loss, damage, or destruction in a written agreement in which the guest specifies the value of the property.

Where the language of a statute is plain and unambiguous, such that the legislative intent is clear, a court should not " 'add to or alter [the language] to accomplish a purpose not on the face of the statute or apparent from permissible extrinsic aids such as legislative history or committee reports.' " Maxwell v. SIIS, 109 Nev. 327, 849 P.2d 267 (1993) (quoting Cirac v. Lander County, 95 Nev. 723, 729, 602 P.2d 1012, 1016 (1979)). "We are not empowered to go beyond the face of a statute to lend it a construction contrary to its clear meaning." Union Plaza Hotel v. Jackson, 101 Nev. 733, 736, 709 P.2d 1020, 1022 (1985).

The language of NRS 651.010 is plain and unambiguous. Subsection (1) absolves an innkeeper of civil liability for damage to a hotel guest's personal property "left in the room," absent gross neglect by the innkeeper. NRS 651.010(1). Subsection (1) unambiguously addresses only the loss of personal property left in a guest's room; thus, subsection (1) one cannot be read to extend the limitations for recovery to valet parking areas of an innkeeper's premises.

Subsection (2) provides that if an innkeeper gives notice to a guest that a fireproof safe or vault is available for the deposit of personal property, then the innkeeper is not liable for the theft, loss, damage or destruction of that property unless the innkeeper is grossly negligent. In addition, an innkeeper is not required to accept property for deposit which exceeds $750.00 in value or is of a size that cannot easily fit within the safe or vault. A plain reading of the statute reveals that subsection (2) does not extend to the valet parking area of an innkeeper. Subsection (2) limits the liability of an innkeeper who provides a safe or vault for guests to deposit property. If the innkeeper provides notice of the availability of a safe or vault for a guest to deposit his or her property, then the innkeeper is not liable for the guest's loss of property

absent gross negligence by the innkeeper. Nothing in subsection (2) references a requirement that persons having their vehicles parked by a valet deposit their personal items in the hotel safe or vault. NRS 651.010(2).

Subsection (3) of NRS 651.010 limits an innkeeper's liability, "under this section," to $750.00 except when the innkeeper consents to assume a liability greater than $750.00. The consent must be in writing, and the guest must specify the value of the property deposited. NRS 651.010(3). Subsection (3) allows an innkeeper to accept liability for a guest's property, deposited with the innkeeper, which has a value in excess of the $750.00 statutory limit.

The language of this statute is plain and unambiguous. NRS 651.010 does not extend to valet parking areas. The statute addresses property left in a hotel room or in a hotel safe or vault. To construe NRS 651.010 to extend to valet parking would result in an impermissible construction. *See* Union Plaza Hotel, 101 Nev. at 733, 709 P.2d at 1020.

The district court erred in granting Holiday Casino partial summary judgment based upon NRS 651.010. We reverse and remand this case for trial.