OPINION
 

 Per Curiam:
 

 The issue in this case is whether an access road constructed by a mining corporation on federal property pursuant to a right-of-way granted by the Bureau of Land Management (“BLM”) constitutes a “highway” for purposes of NRS chapter 484. We conclude that it does not.
 

 FACTS
 

 On June 19, 1996, appellant Garry Robert Lee exited the Coeur-Rochester Mine and drove his Peterbilt tractor and tanker trailer on an access road that runs between the mine and Limerick Canyon Road located in Pershing County. Lee had been driving on the wrong side of the road when he collided with another vehicle coming in the opposite direction, killing the driver and injuring the driver’s wife and daughter. The mining access road where the incident occurred is located on federal property and was built and maintained by Coeur-Rochester, Inc., pursuant to a non-exclusive right-of-way interest granted by the BLM.
 

 The State charged Lee with one count of reckless driving causing death and two counts of reckless driving causing substantial bodily harm, all in violation of NRS 484.377(2). Lee filed a motion to dismiss the charges contending that the reckless driving statute does not apply to the mining access road where the incident occurred because it does not constitute a “highway” for purposes of NRS chapter 484. The district court denied Lee’s motion to dismiss. Lee pleaded no contest
 
 [1]
 
 to one count of involuntary manslaughter, but, in an agreement with the State, preserved the right to appeal the district court’s denial of his motion to dismiss the original charges.
 

 DISCUSSION
 

 The construction of a statute is a question of law, which this court reviews de novo. Anthony Lee R., a Minor v. State, 113
 
 *454
 
 Nev. 1406, 1414, 952 P.2d 1, 6 (1997). The felony reckless driving statute itself does not specifically limit its application to certain kinds of roadways.
 
 See
 
 NRS 484.377(2). However, the provisions of NRS chapter 484 “are applicable and uniform throughout this state
 
 on all highways
 
 to which the public has a right of access or to which persons have access as invitees or licensees.” NRS 484.777(1) (emphasis added);
 
 see
 
 Elliott v. Mallory Electric Corp., 93 Nev. 580, 583, 571 P.2d 397, 399 (1977) (recognizing that the applicability of the provisions of NRS chapter 484 are generally limited to “highways” as defined by NRS 484.065).
 

 For the purposes of NRS chapter 484, a “highway” is defined as “the entire width between the boundary lines of every way dedicated to a public authority when any part of the way is open to the use of the public for purposes of vehicular traffic, whether or not the public authority is maintaining the way.” NRS 484.065. The parties do not dispute that the road constructed by CoeurRochester, Inc., pursuant to the non-exclusive right-of-way interest, is open to the public for purposes of vehicular traffic. The determining issue in this case is whether the road in question is “dedicated to a public authority.”
 

 A “public authority” is defined as “the department of transportation or the local authority having jurisdiction to enact laws or ordinances <pr adopt regulations relating to traffic over a highway.” NRS 484.126. Since the mining access road where the incident occurred in this case was never dedicated to a public authority, we conclude that it does not meet the statutory definition of a “highway” under NRS 484.065. We determine that a road does not become dedicated to a public authority for purposes of NRS chapter 484 simply because the public has access to it. This court has recognized that it is “not empowered to go beyond the face of a statute to lend it a construction contrary to its clear meaning.” Union Plaza Hotel v. Jackson, 101 Nev. 733, 736, 709 P.2d 1020, 1022 (1985);
 
 see also
 
 Thompson v. District Court, 100 Nev. 352, 354, 683 P.2d 17, 19 (1984) (“If a statute is clear on its face a court cannot go beyond the language of the statute in determining the legislature’s intent.”).
 

 The broadening of the scope of the statutory definition of “highway” contained in NRS 484.065 is a function of the legislature, not this court.
 
 See
 
 Washoe Medical Ctr. v. Reliance Ins. Co., 112 Nev. 494, 498, 915 P.2d 288, 290 (1996) (concluding that “broadening the scope of Nevada’s hospital lien statute is a function of the legislature, not this court.”). If the legislature had
 

 
 *455
 
 intended that the felony reckless driving statute apply to roads not dedicated to the public, but to which the public has access, we conclude that it could and would have done so. In 1983, for example, the legislature expanded the applicability of Nevada’s driving under the influence statute beyond the statutory definition of “highway” contained in NRS 484.065. 1983 Nev. Stat., ch. 426, § 8, at 1068. NRS 484.379(2) specifically prohibits driving under the influence “on a highway or on premises to which the public has access.”
 

 In sum, we conclude that a road constructed on federal property pursuant to a right-of-way granted by the BLM does not constitute a “highway” for purposes of NRS chapter 484 unless the road has been dedicated to a public authority. Since the access road where the incident occurred in this case was never dedicated to a public authority, the district court should have granted Lee’s motion to dismiss the charges of felony reckless driving. Therefore, we remand this case to the district court with instructions that Lee must be given the opportunity to withdraw his plea pursuant to NRS 174.035(3).
 
 [2]
 

 [1]
 

 The district court accepted Lee’s no contest plea and made a finding of guilt based upon the plea.
 

 [2]
 

 NRS 174.035(3) states:
 

 With the consent of the court and the district attorney, a defendant may enter a conditional plea of guilty, guilty but mentally ill or nolo contendere, reserving in writing the right, on appeal from the judgment, to a review of the adverse determination of any specified pretrial motion. A defendant who prevails on appeal must be allowed to withdraw the plea.