*970
 
 OPINION
 

 By the Court,
 

 Leavitt, J.:
 

 This case is a civil lawsuit for damages arising from appellant’s sexual seduction of a minor. After a six-day trial, the jury returned a substantial verdict against appellant totaling nearly $250,000.00. On appeal, appellant argues that the district court erred in admitting evidence of a withdrawn guilty plea memorandum and evidence of prior sexual misconduct with a different minor. Appellant also asserts that insufficient evidence supports the jury verdict. We conclude that all of appellant’s arguments lack merit, and therefore affirm the district court’s judgment.
 

 FACTS
 

 Prior to the commencement of the present civil action, appellant was criminally charged with three counts of statutory sexual seduction. The alleged victim of these crimes was fourteen-year-old Naomi. After agreeing to plead guilty to one count, appellant signed a guilty plea memorandum admitting that he digitally penetrated the victim’s vagina. At the time to enter the plea, appellant changed his mind and dismissed his attorney, and the matter was set for trial. Appellant later agreed to plead nolo contendere to one count. The other two counts were dismissed.
 

 By and through her guardian, Naomi initiated the present personal injury action against appellant for the sexual seduction. At trial, Naomi testified that appellant, among other things, penetrated her vagina with his finger and penis and performed cunnilingus on her. Afterward, appellant told Naomi that she did not need to worry about getting pregnant because he had undergone a vasectomy. Because she was scared, Naomi did not tell her mother about the incident until the next evening. Her mother immediately took her to the sheriff’s office, where she gave a description of what happened.
 

 Sergeant Jim Steuart of the sheriff’s office suggested that Naomi place a call to appellant to confront him about not using a condom, hypothesizing that if Naomi’s account of the incident was false then appellant’s response would be one of surprise or ignorance. Naomi placed the call, with Steuart listening in, and thereafter Steuart immediately memorialized the conversation in writing, as follows:
 

 A male voice then answered. Naomi responded, “Russ I’m scared”
 

 Male voice — about what
 

 
 *971
 
 Naomi — you didn’t use a condom last night
 

 Male voice — you don’t have to worry about it, there’s no problem
 

 Male voice — I told you about it last night
 

 Naomi — you wouldn’t lie to me
 

 Male voice — I’m your friend
 

 Male voice — are you coming over tonight
 

 Naomi — no
 

 Male voice — I’ll give you your thing this weekend.
 

 Naomi told Steuart that the “thing” appellant referred to was a necklace appellant had promised to give to her.
 

 Naomi’s counsel sought to call Barbara Fox-Judd to testify regarding appellant’s prior misconduct. Appellant objected and the district court conducted a hearing outside the presence of the jury. Fox-Judd testified that appellant repeatedly performed acts of cunnilingus on her from the time she was eight or nine years old until she was thirteen years old, during which time appellant was her stepfather. At the conclusion of the hearing, the district court determined that: the evidence was relevant with respect to opportunity, intent, or common plan or scheme; the prior wrongs were proven by clear and convincing evidence; and the evidence was more probative than prejudicial. Accordingly, the district court allowed the witness to testify in front of the jury. Immediately prior to her testimony, the district court instructed the jury that it was “not to consider [Fox-Judd’s] testimony in the light that the defendant acted in conformity with that testimony with respect to Naomi Thunder, but to consider that testimony only in the light of intent, common plan or scheme, and opportunity to commit the act.’ ’
 

 Appellant testified that he did not commit any of the sexual acts described by Naomi and that he would never knowingly commit a felony. On cross-examination, Naomi’s counsel requested a hearing outside the presence of the jury and asked for leave of the court to impeach appellant with the withdrawn guilty plea memorandum, arguing that appellant ought to be confronted with his prior inconsistent statement that he had, in fact, committed a felony. Counsel further argued that appellant could then explain to the jury why he had made the statement in the guilty plea memorandum and let the jury evaluate the credibility of appellant’s testimony. The district court allowed part of the guilty plea memorandum into evidence for the purpose of impeachment as a prior inconsistent statement. The district court concluded that NRS 48.125(1) did not prevent the guilty plea memorandum from being admitted because the statute only restricted a guilty plea (or an offer to plead guilty) from being admitted in a criminal trial, not
 
 *972
 
 a civil trial — unlike NRS 48.125(2), which restricts evidence of a nolo contendere plea (or an offer to plead nolo contendere) from being admitted in
 
 both
 
 criminal and civil trials.
 

 The admitted portion of appellant’s withdrawn guilty plea memorandum stated, as follows:
 

 I, Russell Taylor, Senior, did on the 10th day of May, 1994, or thereabouts, at 1100 Wildes Road, within Churchill County, Nevada, willfully and unlawfully, being over twenty-one years of age, commit an act of statutory sexual seduction with the person of a female child who was then and there under the age of sixteen years, in that I, Russell Taylor, Senior, engaged in an act of penetration of her vagina with my finger with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of the child or myself.
 

 I fully understand that this admission may be used against me in a court of law should I fail to abide by the terms and conditions of this agreement.
 

 After this excerpt was read to the jury, appellant admitted that it was an accurate reading of the memorandum.
 

 At the conclusion of the six-day trial, the jury awarded Naomi $207,000.00 in compensatory damages, consisting of the following: $1,800.00 for past medical expenses; $5,200.00 for future medical expenses; and $200,000.00 for past pain and suffering. The jury also awarded $25,000.00 in punitive damages, based on their finding that appellant was guilty of malice or oppression.
 

 DISCUSSION
 

 I.
 
 Admissibility of offer to plead guilty
 

 Appellant argues that the district court committed reversible error in admitting evidence surrounding his withdrawn offer to plead guilty in the preceding criminal case. Based on the plain language of NRS 48.125(1), we conclude that this argument lacks merit.
 
 See
 
 Crowley v. Duffrin, 109 Nev. 597, 603, 855 P.2d 536, 540 (1993) (quoting Union Plaza Hotel v. Jackson, 101 Nev. 733, 736, 709 P.2d 1020, 1022 (1985)) (stating that this court is “ ‘not empowered to go beyond the face of a statute to lend it a construction contrary to its clear meaning’”). NRS 48.125(1) only limits the admissibility of guilty pleas or offers to plead guilty in criminal proceedings, but makes no mention of their inadmissibility in civil proceedings.
 

 Further, because civil proceedings are mentioned in subsection 2 of NRS 48.125 but omitted from subsection one, we do not con
 
 *973
 
 strue the statute as prohibiting the admission of guilty pleas and offers to plead guilty in civil proceedings.
 
 See
 
 Pasadena Police Officers v. Pasadena, 797 P.2d 608, 614 (Cal. 1990) (stating that “[w]hen the Legislature ‘has employed a term or phrase in one place and excluded it in another, it should not be implied where excluded’ ”) (citations omitted);
 
 see also
 
 SIIS v. Wrenn, 104 Nev. 536, 539, 762 P.2d 884, 886 (1988) (stating that this court will not “imply provisions not expressly included in [a] legislative scheme”).
 

 Accordingly, we hold that evidence of a guilty plea or offer to plead guilty from a prior criminal proceeding is admissible in a subsequent civil proceeding, subject to NRS 48.035(1).
 

 II.
 
 Admissibility of prior misconduct
 

 Appellant contends that the district court committed reversible error in permitting Barbara Fox-Judd to testify regarding appellant’s prior misconduct. In the context of a criminal case, we have held that, prior to the admission of evidence of other wrongs, the district court must conduct a hearing on the record outside the presence of the jury and determine: “(1) that the evidence is relevant to the crime charged; (2) that the other act is proven by clear and convincing evidence; and (3) that the probative value of the other act is not substantially outweighed by the danger of unfair prejudice.” Qualls v. State, 114 Nev. 900, 902, 961 P.2d 765, 766 (1998) (citing Tinch v. State, 113 Nev. 1170, 1176, 946 P.2d 1061, 1064-65 (1997); Armstrong v. State, 110 Nev. 1322, 1323-24, 885 P.2d 600, 600-01 (1994)). The district court’s decision to admit or exclude the evidence after conducting such a hearing, commonly referred to as a Petrocelli
 
 [1]
 
 hearing, “is to be given great deference and will not be reversed absent manifest error.”
 
 Qualls
 
 at 902, 961 P.2d at 766 (citations omitted).
 

 We now extend the rule to civil proceedings. Evidence of prior bad acts may be admitted provided the evidence is relevant and the prior incident is proven by clear and convincing evidence. Even if the trial court determines that the prior bad act evidence is relevant, the “evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice.” NRS 48.035(1). The determination of the district court is to be given great deference and will not be reversed absent manifest error.
 

 
 *974
 
 Here, the district court properly held a
 
 Petrocelli
 
 hearing out of the presence of the jury and determined that: (1) the evidence of appellant’s prior misconduct was relevant to opportunity, intent, or common plan or scheme; (2) the prior wrongs were proven by clear and convincing evidence; and (3) the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. Our examination of the record reveals no basis for appellant’s claim that the district court’s determination constitutes manifest error. We conclude that the district court did not err in admitting the evidence.
 

 III.
 
 Sufficiency of the evidence
 

 Finally, appellant contends that there was insufficient evidence adduced at trial to support the jury verdict. Our standard of review is whether substantial evidence supports the verdict.
 
 See
 
 Frances v. Plaza Pacific Equities, 109 Nev. 91, 94, 847 P.2d 722, 724 (1993); Bally’s Employees’ Credit Union v. Wallen, 105 Nev. 553, 555-56, 779 P.2d 956, 957 (1989). “Substantial evidence is that which ‘ “a reasonable mind might accept as adequate to support a conclusion.” ’ ” Yamaha Motor Co. v. Arnoult, 114 Nev. 233, 238, 955 P.2d 661, 664 (1998) (quoting State, Emp. Security v. Hilton Hotels, 102 Nev. 606, 608, 729 P.2d 497, 498 (1986) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted))). Where, as in this case, “there is conflicting evidence, this court is not free to weigh the evidence, and all inferences must be drawn in favor of the prevailing party.” Smith v. Timm, 96 Nev. 197, 202, 606 P.2d 530, 532 (1980).
 

 Despite the conflicting evidence noted by appellant, there was evidence presented in the form of Naomi’s testimony that appellant did in fact engage in sexual activity with her and that she did not consent. The victim testified that she did not try to get away during the incident because she was scared, that she told appellant “no” in response to his invitation to have oral sex, and that she did not move or otherwise participate during intercourse. Drawing all inferences in the victim’s favor, we conclude that a reasonable mind could accept this evidence to support the conclusion that appellant engaged in sexual activity with the victim without her consent. Because there was substantial evidence from the victim’s testimony that she was an unwilling participant, we need not decide the issue of whether her consent was presumed. Accordingly, we affirm the jury verdict.
 

 
 *975
 
 IV.
 
 Conclusion
 

 Having reviewed all of appellant’s contentions and concluded that they lack merit, we affirm the judgment of the district court.
 

 Shearing and Agosti, JJ., concur.
 

 [1]
 

 Petrocelli v. State, 101 Nev. 46, 692 P.2d 503 (1985).