134 Nev., Advance Opinion 48

# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF N.J., A MINOR CHILD.

N.J.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 70220



FILED

JUN 28 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Appeal from a district court order adjudicating appellant as a delinquent child. Tenth Judicial District Court, Churchill County; Thomas L. Stockard, Judge.

*Affirmed.*

Troy Curtis Jordan, Reno,
for Appellant.

Adam Paul Laxalt, Attorney General, Carson City; Arthur E. Mallory, District Attorney, and Joseph L. Sanford, Deputy District Attorney, Churchill County,
for Respondent.

_____

BEFORE THE COURT EN BANC.

*OPINION*

By the Court, DOUGLAS, C.J.:

In this opinion, we are asked to determine whether the juvenile court abused its discretion in admitting uncharged acts as evidence. We conclude that it did not because the evidence was competent, material, and

relevant to appellant's underlying charges, as required pursuant to juvenile justice statute NRS 62D.420.

## FACTS AND PROCEDURAL HISTORY

On September 22, 2015, appellant N.J. and a group of mutual acquaintances were at a park in Fallon, Nevada, when N.J. attempted to fight the victim in this case. According to witness testimony, N.J. believed that her boyfriend, T.H., was sexually intimate with the victim. The victim eluded an altercation and left the park.

Later that evening, the victim received a text message from T.H. The victim and T.H. planned to visit Walmart to purchase pajamas. T.H. picked up the victim, but instead of visiting Walmart, they drove to an isolated area behind Walmart. After they parked the vehicle, N.J. pulled up in a vehicle behind them. N.J. left her vehicle and entered the vehicle carrying the victim. N.J. struck the temple of the victim's head, threatened to hurt the victim if she did not stay away from T.H., and spat on the victim.

The State filed a delinquency petition in juvenile court charging N.J. with one count of battery and one count of harassment. During an evidentiary hearing, N.J. objected to the admission of testimony regarding two uncharged acts, namely testimony that she had (1) challenged the victim to a fight earlier in the day at the park, and (2) spat on the victim after the battery and harassment. With regard to the two uncharged acts, the district court overruled the objections based on the res gestae doctrine. The district court ultimately adjudicated N.J. delinquent on both counts. This appeal followed.

## DISCUSSION

This court generally defers to the district court's discretion in admitting or excluding evidence of uncharged acts. *Braunstein v. State*, 118 Nev. 68, 72, 40 P.3d 413, 416 (2002). Thus, this court will not reverse such determinations absent manifest error. *Id.* However, questions of statutory interpretation are reviewed de novo. *State v. Lucero*, 127 Nev. 92, 95, 249 P.3d 1226, 1228 (2011).

N.J. argues that the testimony regarding two uncharged acts constitutes bad act evidence and is inadmissible in juvenile proceedings because NRS Chapter 62D does not have a provision similar to NRS 48.045, which allows the admission of bad act evidence for certain limited purposes in adult criminal proceedings.[1] We disagree.

In criminal cases involving adult defendants, NRS 48.045 permits the admission of uncharged-act evidence for certain limited purposes. Although evidence of prior misconduct "is not admissible to prove the character of a person," it may be admitted "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." NRS 48.045(2). Prior to the admission of evidence of other wrongs in the context of a criminal case, the prosecutor has the burden of establishing at a hearing outside the jury's presence that:

---

[1]We note that N.J. also argues there is insufficient evidence to support the delinquency adjudication due to inconsistent and contradictory witness testimony. After considering this claim, we conclude that it lacks merit. *See Barber v. State*, 131 Nev. 1065, 1071, 363 P.3d 459, 464 (2015) (explaining that the standard of review when analyzing "the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (internal quotation marks omitted)).

 

"(1) . . . the evidence is relevant to the crime charged; (2) that the other act is proven by clear and convincing evidence; and (3) that the probative value of the other act is not substantially outweighed by the danger of unfair prejudice." *Taylor v. Thunder*, 116 Nev. 968, 973, 13 P.3d 43, 46 (2000) (internal quotation marks omitted).

NRS 48.045 makes no mention of its inadmissibility in juvenile proceedings. *See Union Plaza Hotel v. Jackson*, 101 Nev. 733, 736, 709 P.2d 1020, 1022 (1985) (providing that this court is "not empowered to go beyond the face of a statute to lend it a construction contrary to its clear meaning"); *see also* NRS 49.295(2)(d) (providing unequivocally that the marital privileges do not apply in juvenile proceedings). Although juvenile proceedings are civil in nature, formal evidentiary hearings are required to adjudicate a juvenile as delinquent. *See State v. Javier C.*, 128 Nev. 536, 540, 289 P.3d 1194, 1197 (2012) (recognizing that juvenile proceedings and confinement resulting therefrom are civil, not criminal); *N.L. v. State*, 989 N.E.2d 773, 779 (Ind. 2013) (holding that while juvenile delinquency hearings are civil in nature, a formal fact-finding hearing is analogous to a criminal trial and the rules of evidence apply to the same extent as in a criminal case). Thus, initially, NRS 48.045 appears to apply in juvenile proceedings.

We now turn to the application of NRS 62D.420, which provides, in pertinent part:

> 1. In each proceeding conducted pursuant to the provisions of this title, the juvenile court may:
>
> (a) Receive all competent, material and relevant evidence that may be helpful in determining the issues presented, including, but not limited to, oral and written reports; and

(b) Rely on such evidence to the extent of its probative value.

NRS 62D.420 unequivocally provides that a juvenile court may receive any evidence that is competent, material, and relevant to the underlying charge and is more relaxed than the rules of evidence provided in NRS 48.045. NRS 48.045 excludes the admission of evidence of uncharged acts for the purpose of proving character, while NRS 62D.420 is void of such exclusion. This distinction makes sense given that NRS 48.045 acts as a procedural safeguard in a criminal case to ensure "that the jury will [not] be unduly influenced by the evidence, and thus convict the accused because it believes the accused is a bad person." *Tavares v. State*, 117 Nev. 725, 730, 30 P.3d 1128, 1131 (2001). In contrast, juvenile proceedings "[m]ust be heard without a jury." NRS 62D.010. Consequently, NRS 62D.420 and NRS 48.045, applied in the context of juvenile proceedings, conflict.

"When two statutory provisions conflict, this court employs the rules of statutory construction and attempts to harmonize conflicting provisions so that the act as a whole is given effect." *State v. Eighth Judicial Dist. Court (Logan D.)*, 129 Nev. 492, 508, 306 P.3d 369, 380 (2013) (internal citations omitted). "Under the general/specific canon, the more specific statute will take precedence and is construed as an exception to the more general statute, so that, when read together, the two provisions are not in conflict, but can exist in harmony." *Williams v. State, Dep't of Corr.*, 133 Nev., Adv. Op. 75, 402 P.3d 1260, 1265 (internal citations and quotation marks omitted); *see also Piroozi v. Eighth Judicial Dist. Court*, 131 Nev. 1004, 1009, 363 P.3d 1168, 1172 (2015) (providing that "[w]here a general and a special statute, each relating to the same subject, are in conflict and they cannot be read together, the special statute controls" (internal quotation marks omitted)). Because NRS 62D.420 is a statute focusing

specifically on the admission of evidence in juvenile proceedings, it is the more specific statute, and it governs here. *See* NRS 47.020(1)(a) (providing, NRS 48.045 governs proceedings except "[t]o the extent to which its provisions are relaxed by a statute or procedural rule applicable to the specific situation"). As the specific statute, in juvenile proceedings, NRS 62D.420 sets forth an exception to NRS 48.045.[2]

Based on the foregoing analysis, the district court was allowed to receive any evidence that was competent, material, and relevant to N.J.'s underlying charges of battery and harassment. The district court concluded that the two uncharged acts provide a full account of the circumstances surrounding the commission of the battery and harassment. We note that the district court acknowledged that N.J. could have been charged with a separate battery for spitting on the victim but was not. Nonetheless, the district court allowed such testimony as evidence in this case. We are satisfied that the testimony regarding the two uncharged acts is competent, material, and relevant, as required pursuant to NRS 62D.420(1)(a).

---

[2]We note that NRS 48.045 was enacted 32 years prior to the enactment of NRS 62D.420. This court must assume that, when enacting NRS 62D.420, the Legislature was aware of related statutes, such as NRS 48.045. *See City of Sparks v. Reno Newspapers, Inc.*, 133 Nev., Adv. Op. 56, 399 P.3d 352, 356 (2017). Thus, the Legislature could have used identical language in NRS 62D.420 or structured the statute in a similar way.

Thus, the district court did not abuse its discretion in admitting the testimony regarding the two uncharged acts, and therefore, we affirm the district court's order.

_____, C.J.
Douglas

We concur:

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

SUPREME COURT
OF
NEVADA

(O) 1947A