GINA MARIE ATTAGUILE, Appellant, v.
THE STATE OF NEVADA, Respondent.

No. 43252

May 25, 2006                                    134 P.3d 715

*Robert G. Lucherini*, Las Vegas, for Appellant.

*George Chanos*, Attorney General, Carson City; *David J. Roger*, District Attorney, and *James Tufteland*, Chief Deputy District Attorney, Clark County, for Respondent.

Before MAUPIN, GIBBONS and HARDESTY, JJ.

## OPINION

By the Court, GIBBONS, J.:

Pursuant to plea negotiations with the State, appellant Gina Marie Attaguile entered a plea of guilty to one count of possession of a controlled substance with intent to sell, second offense. Thereafter, Attaguile filed a notice of election for rehabilitative treatment pursuant to NRS 458.300. Prior to sentencing, the district court found that Attaguile's guilty plea counted as her third felony conviction and ruled that she was therefore ineligible to elect treatment under NRS 458.300(4). We conclude that the district court erred. In determining eligibility for rehabilitative treatment, the district court may not count a judgment of conviction it has yet to enter as a prior felony conviction. Further, we conclude that the district court erroneously construed Attaguile's prior conviction of two felony counts as two separate, prior felony convictions. Because Attaguile's prior conviction of the two felony counts arose from the same incident, Attaguile will be eligible to have the instant offense set aside under NRS 458.330 if she successfully completes a treatment program.

## FACTS

While on patrol, a police officer spotted Attaguile and suspected she was engaged in an illegal drug transaction with five Hispanic males. The officer approached and questioned Attaguile. She consented to a search of her person and her purse. The officer found substances later determined to be methamphetamine and marijuana, in addition to numerous clear baggies and other paraphernalia associated with the selling of controlled substances. The State charged Attaguile with one count of trafficking in a controlled substance and one count of possession of a controlled substance with intent to sell.

After plea negotiations, Attaguile entered a plea of guilty to one count of possession of a controlled substance with intent to sell, second offense, a category C felony under NRS 453.337. Pursuant to NRS 458.300, Attaguile submitted a notice of election for rehabilitative treatment. The State opposed her request for rehabilitative treatment, arguing in part that Attaguile's prior judgment of conviction of two felony counts rendered her ineligible to elect treatment under NRS 458.300(4).[1] At a hearing on the matter, the district court denied the election for rehabilitative treatment, finding that Attaguile was ineligible under NRS 458.300(4) because her most recent guilty plea constituted her third felony conviction. The district court subsequently sentenced Attaguile to serve a minimum of 12 months and a maximum of 30 months in the Nevada State Prison but stayed execution of the sentence pending this court's review of its decision.

## DISCUSSION

The district court erred when it found Attaguile ineligible to elect treatment prior to sentencing under NRS 458.300(4). Because a defendant elects treatment prior to sentencing, the district court may not count the conviction it has yet to enter in determining eligibility. Further, because Attaguile's prior conviction of two felony counts arose from the same incident, Attaguile is eligible to have the instant offense set aside under NRS 458.330 if she successfully completes a drug treatment program.

*Attaguile's entry of a guilty plea in the instant case does not count as a prior judgment of conviction for purposes of determining eligibility for treatment under NRS 458.300(4)*

NRS 458.300(4) provides in pertinent part:

> Subject to the provisions of NRS 458.290 to 458.350, inclusive, an alcoholic or a drug addict who has been convicted of

---

[1]We note that neither party has provided this court with a copy of Attaguile's prior judgment of conviction on the two felony counts. Both parties agree,

a crime is eligible to elect to be assigned by the court to a program of treatment for the abuse of alcohol or drugs pursuant to NRS 453.580 before he is sentenced unless:

. . . .

4. The alcoholic or drug addict has a record of . . . three or more convictions of any felony.

We conclude that Attaguile's guilty plea to the instant offense does not constitute a prior conviction under NRS 458.300(4).

"Statutory interpretation is a question of law reviewed de novo."[2] In interpreting a statute, we will not look beyond the statutory language unless the language is ambiguous.[3] NRS 458.300 plainly and unambiguously provides that a defendant may elect treatment before sentencing. In Nevada, a formal judgment of conviction must include both the "adjudication and sentence."[4] Further, a judgment of conviction is of no effect until it is signed by the judge and filed by the clerk.[5] Because the district court determines eligibility for treatment prior to sentencing, and because a formal conviction cannot be entered until a defendant has been sentenced, we conclude that the Legislature clearly and unambiguously intended that a defendant's entry of a guilty plea alone cannot constitute a prior felony conviction for the purposes of determining eligibility for treatment. In this case, Attaguile was eligible for treatment under NRS 458.300(4) because when she filed her notice to elect treatment prior to sentencing, she did not have a record of three or more felony convictions.

*Attaguile is eligible to have the instant offense set aside under NRS 458.330 if she successfully completes a drug treatment program*

Under NRS 458.330(1), a person's "conviction must be set aside if the treatment facility certifies to the court that he has satisfactorily completed the treatment program, and the court approves the certification and determines that the conditions upon the election of treatment have been satisfied." However, NRS

---

however, that Attaguile was previously convicted, pursuant to a guilty plea, of two felony counts arising from an arrest dating from December 21, 1999. The State represents that Attaguile was placed on probation and discharged in August 2001.

[2]*Construction Indus. v. Chalue*, 119 Nev. 348, 351, 74 P.3d 595, 597 (2003).

[3]*State v. Kopp*, 118 Nev. 199, 202, 43 P.3d 340, 342 (2002).

[4]NRS 176.105(1)(c).

[5]*See Bradley v. State*, 109 Nev. 1090, 864 P.2d 1272 (1993); *see also* NRS 176.105(3).

458.330(4) provides: "Regardless of whether the person successfully completes the treatment, the [district] court shall not set aside the conviction of a person who has a record of two or more convictions of any felony for two or more separate incidences."

We conclude that by including the phrase "two or more separate incidences" in NRS 458.330(4), the Legislature plainly and unambiguously intended that multiple convictions or a single conviction of multiple counts arising out of the same incident would not prevent the district court from setting aside a conviction of a defendant who successfully completes treatment. Although Attaguile has a record of a prior conviction of two felony counts, both counts arose from the same, single incident. Further, just as Attaguile's guilty plea to the instant charge does not count against her for determining eligibility for treatment under NRS 458.300(4), it also would not count against her for purposes of NRS 458.330(4) because upon her election of treatment, her sentencing and the formal entry of a judgment of conviction will be deferred. Therefore, if a treatment facility certifies to the district court that Attaguile has successfully completed a treatment program, and the district approves the certification and further determines that she has satisfied any conditions placed on the election, the district court must set aside the current offense pursuant to the plain language of NRS 458.330(1).

## CONCLUSION

We conclude that the district court erred when it found Attaguile ineligible to elect treatment under the civil commitment statutes. In determining eligibility, the district court may not count a judgment of conviction it has yet to enter. Attaguile had only one prior conviction of two felony counts arising out of the same incident. Therefore, she was not ineligible to elect treatment before sentencing. We also conclude that NRS 458.330(4) will not prevent the district court from setting aside Attaguile's conviction on the current charge if she successfully completes a treatment program. Accordingly, we vacate the judgment of conviction and sentence previously imposed, and we remand this matter to the district court for further proceedings consistent with this opinion.

HARDESTY, J., concurs.

MAUPIN, J., concurring:

I concur in the result reached by the majority.