## IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| GREGORY DELLINGER URMSTON,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 74619 |
| GREGORY DELLINGER URMSTON,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 74620 |
| GREGORY DELLINGER URMSTON,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 74621<br><br>**FILED**<br><br>APR 3 0 2019<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY_____<br>DEPUTY CLERK |

### *ORDER OF AFFIRMANCE*

These are consolidated appeals from judgments of conviction, pursuant to guilty pleas, of possession of a controlled substance, attempted trafficking of a controlled substance, and uttering a forged instrument. Second Judicial District Court, Washoe County; Barry L. Breslow, Judge.

In February 2013, the State charged appellant Gregory Urmston with possession of a controlled substance. In exchange for a guilty plea, the State agreed not to oppose diversion if Urmston qualified. Upon Urmston's request, the district court granted him diversion pursuant to NRS 458.300, which provides that a person addicted to alcohol or drugs is eligible to seek assignment to a program of treatment before he or she is sentenced. When a person is placed in such a program, sentencing is deferred until the person satisfactorily completes the program. NRS 458.330. Unfortunately, Urmston absconded twice, produced several

positive drugs tests, and ultimately failed to complete the treatment program. As a result, his case was returned to district court in 2016.

In 2017, Urmston was arrested and the State charged him with two new felony counts. Urmston pleaded guilty to both counts, and in exchange, the State again agreed not to oppose diversion if Urmston qualified. Here, however, the district court found Urmston ineligible to seek a program of treatment, citing NRS 458.300(5), which precludes a defendant from eligibility if "[o]ther criminal proceedings alleging commission of a felony are pending against the alcoholic or drug addict." It reasoned that Urmston's 2013 charge constituted a pending matter, and concluded that it thereby lacked the jurisdiction to offer diversion. The district court then proceeded to sentence Urmston for all three of his charges—one from 2013, two from 2017. Urmston challenges this sentence, arguing that the district court abused its discretion by refusing to consider the merits of his request for a program of treatment. Specifically, he contends that because all three cases were sentenced at the same time, there was a "global resolution" that resolved both the 2013 conviction and the 2017 convictions contemporaneously, leaving no pending matter. For the reasons set forth herein, we disagree.

*Statutory interpretation*

This appeal centers on an issue of statutory interpretation; namely, whether a prior felony charge that is scheduled to be sentenced contemporaneously with a current felony charge amounts to a "pending" criminal proceeding, such that a defendant is precluded from seeking assignment to a program of treatment pursuant to NRS 458.300(5).

"We review questions of statutory interpretation de novo." *Bigpond v. State*, 128 Nev. 108, 114, 270 P.3d 1244, 1248 (2012). When engaging in statutory interpretation, "this court will look first to the plain

language of the statute." *Id.* "However, if a statute is susceptible to more than one natural or honest interpretation, it is ambiguous, and the plain meaning rule has no application." *State, Dep't of Bus. & Indus., Office of Labor Comm'r v. Granite Const. Co.*, 118 Nev. 83, 87, 40 P.3d 423, 426 (2002). In such a circumstance, it is this court's "duty to construe that statute in line with what reason and public policy would indicate the legislature intended." *State, Dep't of Motor Vehicles v. Vezeris*, 102 Nev. 232, 236, 720 P.2d 1208, 1211 (1986) (internal quotation marks omitted).

Applying these principles, we conclude that NRS 458.300(5)'s use of the word "pending" unambiguously refers to a felony charge that is unresolved at the time the defendant elects treatment. In this context, an unresolved criminal proceeding is one that has not yet resulted in a judgment of conviction. This definition is clear from the plain language of the statute, which reads:

> Subject to the provisions of NRS 458.290 to 458.350, inclusive, an alcoholic or a drug addict who has been convicted of a crime is eligible to elect to be assigned by the court to a program of treatment for the abuse of alcohol or drugs pursuant to NRS 453.580 before he or she is sentenced unless:
>
> . . . .
>
> 5. Other criminal proceedings alleging commission of a felony are pending against the alcoholic or drug addict.

NRS 458.300.

The word "pending" means "[r]emaining undecided; awaiting decision." *Pending*, Black's Law Dictionary (10th ed. 2014). This alone makes clear that a pending criminal proceeding is one that is unresolved.

Moreover, we further define an "unresolved" criminal proceeding in this context as one that has not yet resulted in a judgment of conviction. We find support for this conclusion by comparing the language

of NRS 458.300(5) with language used in other parts of NRS 458.300. Specifically, NRS 458.300 explicitly differentiates proceedings that have resulted in judgments of conviction from pending proceedings. *Compare* NRS 458.300(4) (precluding from eligibility a person who has "a record of two or more convictions"), *with* NRS 458.300(5). We further note that in Nevada, judgments of conviction must include both the "adjudication *and* sentence." NRS 176.105(1)(c) (emphasis added). Therefore, it follows that "pending" criminal proceedings, as used in NRS 458.300(5), means matters that lack both adjudication and sentencing, and thus have not yet resulted in a judgment of conviction.[1]

*Application of NRS 458.300(5)*

Applying the plain meaning of the statute, Urmston's 2013 charge was "pending" because it had not resulted in a judgment of conviction at the time he requested treatment in connection with the 2017 charges, and because it was different and distinct from the instant proceeding, which involves Urmston's 2017 charges. Under NRS 458.300, a defendant seeking treatment must do so before sentencing. *See Attaguile v. State*, 122 Nev. 504, 507, 134 P.3d 715, 717 (2006) ("NRS 458.300 plainly and unambiguously provides that a defendant may elect treatment before sentencing."). Thus, to determine whether Urmston's prior felony charge was pending at the time he requested treatment, we consider its status as of the date he filed his request for treatment, October 25, 2017. At that point in time, Urmston had not been sentenced for his 2013 charge, for

---

[1]Because there is only one reasonable interpretation of the word "pending" in NRS 458.300(5), we need not determine the legislative intent nor engage in further statutory construction. Nonetheless, we note that any other interpretation of the word "pending" would produce either an absurd result, or one contrary to the legislative intent of rehabilitating first-time offenders.

which he was assigned, but failed to complete, a program of treatment. *See* NRS 458.330 (providing that when a person is placed in a diversion program, sentencing is deferred until the person satisfactorily completes the program); *see also* NRS 458.310(2)(d) ("[I]f the person does not satisfactorily complete the treatment and satisfy the conditions, he or she may be sentenced and the sentence executed."). Moreover, Urmston's 2013 charge had not yet resulted in a judgment of conviction, which must include both the "adjudication *and sentence.*" NRS 176.105(1)(c) (emphasis added). Absent a sentence, Urmston's 2013 charge remained unresolved because it had not yet resulted in a conviction as of the date he requested treatment.

Furthermore, Urmston's 2013 charge was entirely distinct from the criminal proceedings that followed his 2017 arrest, thereby constituting an "[o]ther criminal proceeding[ ]" for purposes of NRS 458.300(5)'s exception. There were two separate negotiations for plea agreements—one following Urmston's 2013 arrest, and one following Urmston's 2017 arrest.[2] The 2017 plea negotiation did not contemplate Urmston's 2013 charge, nor did the parties renegotiate Urmston's 2013 guilty plea as part of the plea agreement in 2017. The only similarity between the 2013 and 2017 criminal proceedings was the date of the sentencing hearing. We find nothing in the record or Nevada caselaw that suggests this similarity transforms two otherwise distinct criminal proceedings into one for purposes of NRS 458.300(5). We are therefore unpersuaded by Urmston's contention that this constitutes a "global resolution," especially where neither the State nor the district court acknowledges such.

---

[2]Although Urmston's 2017 arrest resulted in two separate charges, we note that neither of Urmston's 2017 charges would be subject to NRS 458.300(5)'s exception because the record indicates that they were both part of the same criminal proceeding.

SUPREME COURT
OF
NEVADA

(O) 1947A

5

Therefore, because Urmston's 2013 charge was both unresolved (i.e., had not yet resulted in a judgment of conviction) and was part of a criminal proceeding that was different and distinct from his instant proceeding, it was pending under NRS 458.300(5) at the time he requested treatment in connection with the 2017 charges. Accordingly, the district court did not err when it concluded that Urmston was ineligible for diversion because at the time he elected treatment, he had a criminal proceeding pending. Absent an abuse of discretion, we refrain from interfering in the sentence imposed.[3] *Houk v. State*, 103 Nev. 659, 664, 747 P.2d 1376, 1379 (1987). We therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

---

[3]Contrary to Urmston's assertion otherwise, the district court did not abuse its discretion because, as the record reflects, it relied on palpable, concrete evidence and considered all relevant factors to make its sentencing determination. *See Allred v. State*, 120 Nev. 410, 420, 92 P.3d 1246, 1253 (2004) ("[This court] will refrain from interfering with the sentence imposed [s]o long as the record does not demonstrate prejudice resulting from consideration of information or accusations founded on facts supported only by impalpable or highly suspect evidence." (alteration in original) (internal quotation marks omitted)).

SUPREME COURT
OF
NEVADA

(O) 1947A

cc:    Hon. Barry L. Breslow, District Judge
Washoe County Public Defender
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk