IN THE SUPREME COURT OF THE STATE OF NEVADA

·MELISSA MARIE ROGERS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 79511

FILED

APR 1 6 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of conspiracy to violate the controlled substances act.[1]  Fourth Judicial District Court, Elko County; Nancy L. Porter, Judge.

Appellant Melissa Rogers entered into a global plea agreement to resolve four cases pending against her.  Pursuant to that agreement, she pleaded guilty to one count of possession of a controlled substance for the purpose of sale in one district court case (Department 2 case) and one count of conspiracy to violate the uniform controlled substances act in the district court case underlying this appeal (Department 1 case).  In exchange, the State agreed to dismiss all other charges in those cases and to dismiss two other cases pending in justice court.  The Department 2 case proceeded to sentencing first.  In that case, the district court granted Rogers' request to be placed in a diversion program for treatment of drug or alcohol addiction.  As a result, the court deferred sentencing in that case pending Rogers' compliance with the diversion program.  The case underlying this appeal then proceeded to sentencing in a different department and Rogers again

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

20-14491

asked to be placed in a diversion program. This time, the district court denied the request, concluding that Rogers was ineligible for diversion under NRS 458.300(5) because of the pending Department 2 case. The district court sentenced Rogers to 18-60 months in prison, suspended the sentence, and placed Rogers on probation for 5 years.

On appeal, Rogers challenges the district court's conclusion that NRS 458.300(5) made her ineligible for a diversion program. That issue presents a matter of statutory interpretation that we review de novo. *State v. Lucero*, 127 Nev. 92, 95, 249 P.3d 1226, 1228 (2011). "[W]hen a statute is clear on its face, a court can not go beyond the statute in determining legislative intent." *Id.* (internal quotation marks omitted).

Under NRS 458.300(5), a defendant is ineligible for deferment if "[o]ther criminal proceedings alleging commission of a felony are pending against" her. We conclude that the statute's use of the word "pending" unambiguously refers to criminal proceedings that are unresolved. *Pending*, Black's Law Dictionary (10th ed. 2014) (defining "pending" as "[r]emaining undecided; awaiting decision"). An "unresolved" criminal proceeding, in turn, is one that has yet to result in a judgment of conviction, which in Nevada requires both adjudication and sentencing. *See* NRS 176.105(1)(c); *see also Attaguile v. State*, 122 Nev. 504, 507, 134 P.3d 715, 717 (2006) (noting that a formal conviction cannot be entered until a defendant has been sentenced). Here, the Department 2 case, which involved a felony offense, was still "pending" because Rogers had been placed in a diversion program and therefore sentencing had been deferred and no judgment of conviction had been entered. *See* NRS 458.330 (providing that when a person is placed in a diversion program, sentencing is deferred until the person satisfactorily completes the program); *see also*

SUPREME COURT
OF
NEVADA

(O) 1947A

2

NRS 458.310(2)(d) ("[I]f the person does not satisfactorily complete the treatment and satisfy the conditions, he or she may be sentenced and the sentence executed."). We therefore conclude that Rogers has not demonstrated the district court erred in applying NRS 458.300(5).[2] Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:    Hon. Nancy L. Porter, District Judge
       Elko County Public Defender
       Attorney General/Carson City
       Elko County District Attorney
       Elko County Clerk

---

[2]Rogers argues that the State breached the plea agreement by failing to dismiss the two justice court cases pending against her immediately after she entered her guilty pleas in the two district court cases. She suggests that the breach allowed the State to point to the two pending justice court cases as making her ineligible for a diversion program under NRS 458.300(5). We decline to address this issue because Rogers did not object below. *See State v. Taylor*, 114 Nev. 1071, 1077, 968 P.2d 315, 320 (1998) ("Generally, failure to raise an issue below bars consideration on appeal."). We note, however, that the district court did not mention the two justice court cases in deciding that Rogers was ineligible for a diversion program.