**141 Nev., Advance Opinion 24**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

BRANDON URIAS,
Petitioner,
vs.
THE FIRST JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CARSON CITY; AND THE
HONORABLE KRISTIN LUIS,
DISTRICT JUDGE,
Respondents,
  and
THE STATE OF NEVADA,
Real Party in Interest.

No. 88977



FILED

MAY 08 2025

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

Original petition for a writ of certiorari challenging a district court order denying an appeal from a judgment of conviction entered in the justice court.

*Petition granted.*

Evenson Law Office and Steve E. Evenson, Fallon,
for Petitioner.

Aaron D. Ford, Attorney General, Carson City; Garrit S. Pruyt, District Attorney, and Sam Bruketta, Deputy District Attorney, Carson City,
for Real Party in Interest.

---

BEFORE THE SUPREME COURT, PICKERING, CADISH, and LEE, JJ.

## OPINION

By the Court, CADISH, J.:

NRS 484E.040 sets forth a driver's duty to provide notice when they are involved in a crash with any vehicle or property that is left unattended, resulting in damage. The State filed a criminal complaint against petitioner Brandon Urias, charging Urias with a misdemeanor for allegedly violating NRS 484E.040 by crashing into a parked car in a Walmart parking lot and thereafter failing to either locate the driver of the vehicle or leave a note providing his contact information. The case proceeded to trial, and the justice court ultimately found Urias guilty and entered a judgment of conviction and corresponding fine. After his district court appeal failed, Urias filed this petition for a writ of certiorari, arguing, as he did throughout the proceedings below, that NRS 484E.040 is not enforceable on private property and that the court therefore lacked subject matter jurisdiction to convict him.

Applying definitional provisions in the statutory framework governing public safety and vehicles, and considering the meaning of critical phrases as well as their placement within the statutory scheme, we conclude that NRS 484E.040 does not apply on private property and therefore was not enforceable against Urias for the hit-and-run incident in the Walmart parking lot.

### FACTS AND PROCEDURAL HISTORY

Urias crashed his vehicle into an unattended vehicle in the Walmart parking lot and failed to leave a note. The State charged Urias with violating NRS 484E.040, and the case proceeded to trial. During trial, Urias moved to dismiss, arguing that NRS 484E.040 was not enforceable on private property because NRS 484A.400 limited its application to highways.



The State opposed, arguing that under NRS 484A.400, NRS 484E.040's notice requirements apply to crashes with unattended vehicles in or on "(1) highways to which the public has a right of access, (2) areas to which persons have access as invitees or licensees, or (3) other premises as provided by statute." It contended that the Walmart parking lot was one such area to which people have access as invitees or licensees.

The justice court denied the motion, and the trial proceeded. The justice court found Urias guilty of violating NRS 484E.040, a misdemeanor crime, entered a judgment of conviction, and imposed a fine. However, the court stayed the fine during Urias's appeal. On appeal to the district court, Urias maintained the same argument about NRS 484E.040's misapplication to his conduct and that the justice court thus lacked subject matter jurisdiction to convict him for violating the statute. The district court denied the appeal, concluding that "NRS 484E.040's language is clear—there is no limitation regarding where the offense must occur to be enforceable." Urias petitions this court for a writ of certiorari.[1]

## DISCUSSION

A writ of certiorari is an extraordinary remedy, and whether to entertain a petition for such relief lies within this court's discretion. *Zamarripa v. First Jud. Dist. Ct.*, 103 Nev. 638, 640, 747 P.2d 1386, 1387 (1987). Our review on a petition for a writ of certiorari is generally appropriate in two circumstances. The first circumstance is where the district court acts without or in excess of its jurisdiction. NRS 34.020(2); *Goicoechea v. Fourth Jud. Dist. Ct.*, 96 Nev. 287, 289, 607 P.2d 1140, 1141

___

[1]As Urias's petition was certified as within the word limit of NRAP 21(d) and thus was accepted for filing, his motion to exceed the page and word limits is denied as moot.

(1980). Because the district court had final appellate jurisdiction over the judgment entered by the justice court, Nev. Const. art. 6, § 6; *Waugh v. Casazza*, 85 Nev. 520, 521, 458 P.2d 359, 360 (1969), it cannot be said that it exceeded its jurisdiction. *See Goicoechea*, 96 Nev. at 289, 607 P.2d at 1141 ("If it is determined that the act complained of was within the jurisdiction of the tribunal, our inquiry stops even if the decision or order was incorrect."). The second circumstance is where a case is prosecuted in justice court for the violation of a statute and the district court on appeal passes on the validity of that statute. NRS 34.020(3); *Cornella v. Churchill Cnty. Just. Ct.*, 132 Nev. 587, 591, 377 P.3d 97, 100 (2016) (entertaining a petition where petitioner was prosecuted in justice court for violating a statute and alleged that the statute was unconstitutionally vague). Here, the issue presented to this court and to the district court goes not to the constitutionality or validity of NRS 484E.040, but rather to whether it applies to criminalize Urias's hit-and-run parking lot crash.

Although Urias's petition does not fit into either category, we have considered such petitions in narrow circumstances where they raise an important issue about the reach and scope of a criminal statute and that issue also implicates the justice court's jurisdiction to convict a defendant on the alleged conduct. *Braham v. Fourth Jud. Dist. Ct.*, 103 Nev. 644, 645-46, 747 P.2d 1390, 1190-91 (1987) (entertaining a petition for a writ of certiorari where, like here, the legal issue implicated the justice court's jurisdiction in that it questioned the interpretation of an element of the offense of conviction, such that if the petitioner's interpretation was correct, they could not have committed the offense as a matter of law); *cf. State v. Eighth Jud. Dist. Ct. (Hedland)*, 116 Nev. 127, 134, 994 P.2d 692, 697 (2000) (explaining that "[a]lthough loath to deviate from [this court's] general

practice" of not considering writ petitions challenging district courts' appellate decisions, the court might do so to resolve a split of authority amongst the lower courts on issues of statewide importance). Under the circumstances here presented, we elect to entertain this petition to resolve the application of the statute to Urias's conduct, the interpretation of which has broad application throughout the state.

Urias maintains that NRS 484E.040 does not criminalize a hit-and-run crash in a store parking lot because, without any specific applicability included in its terms, NRS 484A.400 provides that it applies only to crashes on highways and thus does not apply on private property. In support of his argument, Urias points to NRS 484A.400, which specifies that the provisions of NRS Chapters 484A through 484E apply "on all highways to which the public has a right of access, to which persons have access as invitees or licensees, or such other premises as provided by statute." He contends that no other statute covers "such other premises" that would make NRS 484E.040 apply to a private property crash. Urias argues that the prepositional phrase "to which persons have access as invitees or licensees," as used in NRS 484A.400, modifies "all highways." Because this phrase modifies highways, Urias argues, the State's contention that NRS 484A.400 has a broader reach and applies to any premises to which a person has access as an invitee or licensee is unsupported. Under the State's contrary interpretation, NRS 484A.400 applies "to three types of locations: (1) highways, (2) premises where persons have access as invitees or licensees, or (3) other premises as provided by statute."

We review questions of statutory interpretation raised in writ petitions de novo. *Martinez Guzman v. Second Jud. Dist. Ct.*, 136 Nev. 103,

106, 460 P.3d 443, 447 (2020). The starting point of statutory interpretation is the statute's plain language. *State v. Lucero*, 127 Nev. 92, 95, 249 P.3d 1226, 1228 (2011). If the statutory language is clear on its face, this court is confined to the language of the statute. *Martinez Guzman*, 136 Nev. at 106, 460 P.3d at 447.

*NRS 484A.400 limits application of public safety traffic statutes to highways or such other premises as provided by statute*

NRS 484A.400 states that "[t]he provisions of chapters 484A to 484E, inclusive, of NRS are applicable and uniform throughout this State on all highways to which the public has a right of access, to which persons have access as invitees or licensees or such other premises as provided by statute." "'Highway' means the entire width between the boundary lines of every way dedicated to a public authority when any part of the way is open to the use of the public for purposes of vehicular traffic, whether or not the public authority is maintaining the way." NRS 484A.095. Applying general principles of English grammar, the phrase "to which persons have access as invitees or licensees" modifies highways, not "such other premises." Prepositional phrases usually modify or describe words that syntactically precede them. *Transformative Learning Sys. v. Tex. Educ. Agency*, 572 S.W.3d 281, 288 (Tex. App. 2018) ("A subsequent prepositional phrase is generally assumed to modify the nearest antecedent unless such a construction is unreasonable."); *What Is a Prepositional Phrase?*, Thesaurus.com (Oct. 22, 2021), https://www.thesaurus.com/e/grammar/whats-a-prepositional-phrase ("Unlike adjectives, prepositional phrases typically come after the nouns that they modify."). "Highways" is the nearest preceding noun to the prepositional phrase modifier "to which persons have access as invitees or licenses." The State's interpretation of NRS 484A.400 ignores the parallel structure with the preceding

(0) 1947A

prepositional phrase ("to which the public has a right of access") modifying "highway," and it is grammatically nonsensical for the second "to which" prepositional phrase to modify a noun phrase ("such other premises") that follows it.

The legislative history bolsters this conclusion as to NRS 484E.040's scope and reach. *Cf. Ross v. Blake*, 578 U.S. 632, 640 (2016) (concluding that the history of a legislative act supported the court's interpretation of the act's unambiguous text); *Milavetz, Gallap & Milavetz, P.A. v. United States*, 559 U.S. 229, 236 n.3 (2010) (noting legislative history that supported the interpretation of an unambiguous statute). The original version of NRS 484A.400 stated that "[t]he provisions of this chapter are applicable and uniform throughout this state on all highways to which the public has a right of access or to which persons have access as invitees or licensees."[2]  1969 Nev. Stat., ch. 675, § 77(1), at 1482.  The phrase "such other premises as provided by statute" was not added to the statute until 2019 through AB 403.  2019 Nev. Stat., ch. 427, § 1, at 2653.  The conclusion that "to which persons have access as invitees or licensees" modifies a phrase that was added 50 years after the statute with this language was enacted is illogical.  Moreover, this original language makes clear that the "to which persons have access as invitees or licensees" phrase was intended to modify "all highways."

To be sure, this interpretation does not violate the rule against surplusage because determining that this phrase refers to "highways" to

---

[2]At this time, all of the pertinent traffic-related statutes existed in the same chapter; they were later separated into distinct subchapters.  The original version of NRS 484A.400 applied to the provisions now encompassed in NRS Chapters 484A through 484E.

which persons have access as invitees or licensees does not render this clause meaningless. *Stockmeier v. Psych. Rev. Panel*, 122 Nev. 534, 540, 135 P.3d 807, 810 (2006) (observing that statutes are interpreted "to give meaning to each of their parts, such that, when read in context, none of the statutory language is rendered mere surplusage"). For example, a highway that runs through a state park that is only accessible after paying for a pass is a highway to which persons have access as invitees or licensees, where the public at large does not have a right of access. *Cf. United States v. Barner*, 195 F. Supp. 103, 104-06 (N.D. Cal. 1961) (concluding that roadways on an Air Force base were highways for the purposes of the DUI statute at issue even though the roadways were subject to certain restrictions such that they were not generally open to the public).

*NRS 484E.040 does not include language broadening its application to premises beyond highways as permitted by NRS 484A.400*

As the justice and district courts observed, NRS 484A.400 contemplates traffic safety provisions applying to "such other premises as provided by statute." Although those courts both held that NRS 484E.040's own terms made it applicable to private property parking lots, Urias argues that this was a misinterpretation of NRS 484E.040. In particular, he contends that the lower courts erred by finding that the NRS 484E.040 reference to "any vehicle," without also referencing a specific location, makes the statute applicable anywhere, including private properties. He contends that this interpretation produces the absurd result that all traffic-related statutes in NRS Chapters 484A through 484E are enforceable on private property. The State contends that the placement of the word "any" before both the offending vehicle and the unattended vehicle or property, in conjunction with the fact that unattended vehicles and property are often found in areas other than highways, supports the conclusion that NRS

484E.040 was meant to apply broadly with respect to location. The State also argues that the principles of statutory construction support that NRS 484E.040 extends beyond highways to areas where the public has access, specifically pointing out that parking lots are included in NRS 484A.185's definition of "premises to which the public has access."

NRS 484E.040(1) provides that

> the driver of any vehicle which is involved in a crash with any vehicle or other property which is unattended, resulting in any damage to such other vehicle or property, shall immediately stop and shall then and there locate and notify the operator or owner of such vehicle or other property of the name and address of the driver and owner of the vehicle striking the unattended vehicle or other property or shall attach securely in a conspicuous place in or on such vehicle or property a written notice giving the name and address of the driver and of the owner of the vehicle doing the striking.

Violation of this statute is punishable as a misdemeanor. NRS 484E.040(3). Though the State contends that because the word "any" modifies both the offending vehicle and the unattended vehicle, the statute is enforceable anywhere, NRS 484A.400 does not allow such an interpretation. Because NRS 484E.040 does not identify "such other premises" to which the statute applies aside from highways, the default uniform application to "all highways to which the public has a right of access" or "to which persons have access as invitees or licensees" governs. NRS 484A.400; *cf. Lee v. State*, 116 Nev. 452, 454, 997 P.2d 138, 140 (2000) (applying NRS 484.777(1), the predecessor to NRS 484A.400, to limit the application of the felony reckless driving statute, NRS 484.377(2), to highways even though NRS 484.377(2) did not specifically limit its applicability to certain roadways).



(O) 1947A

Two canons of construction further support that the general enforceability terms of NRS 484A.400 apply here. First, under the whole text canon, provisions within a common statutory scheme are interpreted "harmoniously with one another in accordance with the general purpose of the statutes." *Tough Turtle Turf, LLC v. Scott*, 139 Nev., Adv. Op. 47, 537 P.3d 883, 886 (2023) ("All provisions are considered together so as not to render any part of the statute superfluous."). Applying this canon, NRS 484A.400 lists the locations, namely highways, where NRS 484E.040 is enforceable, absent other premises specifically provided by statute. NRS 484E.040 does not list any other premises. Thus, this context indicates that it is applicable only to highways.

Second, the legislature's omission should be understood as an exclusion. *Platte River Ins. v. Jackson*, 137 Nev. 773, 777, 500 P.3d 1257, 1261 (2021) (observing that "a legislature's omission of language included elsewhere in the statute signifies an intent to exclude such language"); *State v. Ellis*, 547 S.E.2d 490, 492 (S.C. 2001) (recognizing that when a criminal statute specifically lists covered locations, those not mentioned are excluded). As the State correctly points out, NRS 484A.185 defines "[p]remises to which the public has access" to include "[a] paved or unpaved parking lot or other paved or unpaved area where vehicles are parked or are reasonably likely to be parked." The legislature, however, excluded this "premises to which the public has access" language from NRS 484E.040, which we presume was an intentional omission, such that NRS 484E.040 does not apply in parking lots. *Dep't of Tax'n v. DaimlerChrysler Servs. N. Am., LLC*, 121 Nev. 541, 548, 119 P.3d 135, 139 (2005) ("Nevada law also provides that omissions of subject matters from statutory provisions are presumed to have been intentional."). To illustrate, NRS 484E.010 requires

a driver of a vehicle involved in a crash causing bodily injury or death to stop when the crash occurs "on a highway or on premises to which the public has access." *See* NRS 484A.710(1)(h) (including the "premises to which the public has access" language); NRS 484B.550(1) (same); NRS 484B.653(1), (2), (9), (11) (same); NRS 484B.657(1) (same); NRS 484C.110 (same); NRS 484C.120(1)-(3) (same); NRS 484C.150(1) (same); NRS 484C.160(1) (same); NRS 484E.070(2) (same). The inclusion of the term "premises to which the public has access," which under NRS 484A.185 encompasses parking lots, in the injury crash statute as well as several others throughout this statutory scheme, and the omission of that language in NRS 484E.040, which applies to crashes that cause only property damage, shows that the legislature intended to exclude parking lots for noninjury crashes. *Cf. Lee*, 116 Nev. at 454-55, 997 P.2d at 140 ("If the legislature had intended that the felony reckless driving statute apply to roads not dedicated to the public, but to which the public has access, . . . it could and would have done so.").

Moreover, the Legislative Counsel's Digest for AB 403 supports that the legislature amended the statutory scheme to allow certain criminal traffic charges to be brought if the event occurred on private property, which was not previously permitted because the laws were limited in application to highways. 2019 Nev. Stat., ch. 427, at 2653 ("Under existing law, traffic laws . . . are applicable and uniform throughout this State on all highways to which the public has a right of access or to which the persons have access to as invitees or licensees. (NRS 484A.400). Section 1 of this bill provides that such laws may apply in other places if provided by a specific statute."). Through AB 403, the legislature amended the reckless driving and vehicular homicide statutes to cover events on premises to which the public has access. *Id.* ("Existing law makes provisions governing reckless driving

(O) 1947A

and vehicular manslaughter apply to a motor vehicle being operated on a highway. Sections 2-4 of this bill explicitly makes those also apply on premises to which the public has access, which includes, without limitation, parking lots . . . ."). However, this provision was not added to NRS 484E.040.

Therefore, NRS 484E.040 is not enforceable on private property, such as the Walmart parking lot. While the State argues that common sense dictates that it should apply to locations such as private parking lots, the legislature did not include any location other than highways in NRS 484E.040, and it is not the court's role to question the wisdom or justness of a statute. *Spencer v. Harrah's Inc.*, 98 Nev. 99, 102, 641 P.2d 481, 482 (1982); *see generally State v. Maestas*, 149 P.3d 933, 940 (N.M. 2006) ("[U]nless unconstitutional, it is not the role of this Court to question the wisdom, policy or justness of legislation enacted by our legislature."); *Heist v. Neb. Dep't of Corr. Servs.*, 979 N.W.2d 772, 786 (Neb. 2022) (observing that the absurdity doctrine "does not justify judicial revision of a statute simply to make the statute more reasonable in the judges' view"); *cf. Lee*, 116 Nev. at 454, 997 P.2d at 140 ("The broadening of the scope of the statutory definition of 'highway' contained in NRS 484.065 is a function of the legislature, not this court.").

## CONCLUSION

NRS 484E.040 applies only to highways to which the public has access and highways to which persons have access as invitees or licensees. By NRS 484E.040's plain language and the definitional provisions in the statutory framework, the statute does not apply to private parking lots. Because NRS 484E.040 did not apply to Urias's actions in the Walmart parking lot, the justice court lacked authority to convict him for a violation thereof. Under these circumstances, we grant Urias's petition and direct

the clerk of this court to issue a writ of certiorari directing the district court to vacate its order denying Urias's appeal and to proceed in a manner consistent with this opinion.

_____, J.
Cadish

We concur:

_____, J.
Pickering

_____, J.
Lee

SUPREME COURT
OF
NEVADA

(O) 1947A