# IN THE SUPREME COURT OF THE STATE OF NEVADA

JULIE ENGLE,
Petitioner,
vs.
THE SECOND JUDICIAL DISTRICT
COURT, IN AND FOR THE
COUNTY OF WASHOE; THE
HONORABLE DAVID HARDY,
Respondents,
and,
THE STATE OF NEVADA,
Real Party In Interest.
_____/

Electronically Filed
Apr 24 2026 04:04 PM
Elizabeth A. Brown
Clerk of Supreme Court

No. 89183

## NOTICE OF SERVICE OF WRIT AND OPINION AND RETURN

Pursuant to the writ and published opinion in *Engle v. District Court*, 142 Nev. Adv. Op. 30 (2026), that were issued by this Court on April 16, 2026, attached to this Notice as Exhibit 1 is the return of the writ of mandamus.  Also attached to this Notice as Exhibit 2 is the notice and certificate of service dated April 24, 2026 of a true and correct copy of the writ and opinion upon the district court and counsel of record via electronic mail, the Second Judicial District Court's electronic filing system, and the United States Postal Service mail.

1

In accordance with this Notice, the petitioner is contemporaneously mailing this filing, via the United States Postal Service mail, with the *original writ* attached thereto to this Court.

DATED this 24th day of April, 2026.

/s/ *Kathryn Reynolds*
Kathryn Reynolds, Chief Deputy
Washoe County Public Defender
Nevada State Bar Number 10955
350 South Center Street, 5th Floor
Reno, Nevada 89501
(775) 337-4882
kreynolds@washoecounty.us

# Exhibit One

## IN THE SUPREME COURT OF THE STATE OF NEVADA

JULIE ENGLE,
Petitioner,
vs.
THE SECOND JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA, IN
AND FOR THE COUNTY OF WASHOE;
AND THE HONORABLE DAVID A.
HARDY, DISTRICT JUDGE,
Respondents,
and
THE STATE OF NEVADA,
Real Party in Interest.

No. 89183

### WRIT OF MANDAMUS

TO:   The Honorable David A. Hardy, Judge of the Second Judicial District Court:

WHEREAS, this Court having made and filed its written decision that a writ of mandamus issue,

NOW, THEREFORE, in the case entitled State of Nevada vs. Julie Anne Engle, case number CR22-1291, you are directed to vacate the dishonorable discharge order and enter an order honorably discharging Engle from probation.

WITNESS The Honorables Douglas Herndon, Chief Justice; and Elissa Cadish, Kristina Pickering, Ron Parraguirre, and Patricia Lee, Associate Justices of the Supreme Court of the State of Nevada, and attested by my hand and seal this 16th day of April 2026.



_____
Chief Assistant Clerk

 

# Exhibit Two

CODE 2610
WASHOE COUNTY PUBLIC DEFENDER
KATHRYN REYNOLDS, #10955
350 S. CENTER ST., 5TH FLOOR
KREYNOLDS@WASHOECOUNTY.GOV
RENO, NV 89501
(775)337-4800
ATTORNEY FOR DEFENDANT

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF WASHOE

THE STATE OF NEVADA,

          Plaintiff,

 vs.

JULIE ANNE ENGLE,

          Defendant.
_____/

Case No.: CR22-1291

Dept. No.: 15

**NOTICE OF SERVICE OF WRIT OF MANDAMUS AND PUBLISHED OPINION OF THE NEVADA SUPREME COURT**

TO: Honorable District Court Judge David A. Hardy:

Please take notice that a true and correct copy of the Writ of Mandamus issued by the Nevada Supreme Court on April 16, 2026, in the above-reference case (attached as Exhibit 1) and the published opinion *Engle v. District Court*, 142 Nev. Adv. Op. 30, ___ P.3d ___ (2026) (attached as Exhibit 2) is being served upon this Court *via* email to Department 15, the Second Judicial District Court's E-Flex electronic filing system, and the United States Postal Service mail to the following:

///

///

///

1

Honorable David A. Hardy
District Court Judge, Department 15
Second Judicial District Court
75 Court Street
Reno, Nevada 89501
Mikki.Merkouris@washoecourts.us

## AFFIRMATION PURSUANT TO NRS 239B.030

The undersigned does hereby affirm that the following document does not contain the personal information of any person.

Dated this 24th day of April, 2026.

EVELYN GROSENICK
Washoe County Public Defender

By _____
KATHRYN REYNOLDS
Chief Deputy Public Defender

2

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of the Washoe County Public Defender's Office, Reno, Washoe County, Nevada, and that on this date electronically filed the foregoing with the Clerk of the Court by using the ECF system which will send a notice of electronic filing to the following:

Deputy District Attorney (using the master service list of this Court's electronic filing system)

I also placed this document in the United States Mail, postage prepaid, addressed to:

Honorable David A. Hardy
District Court Judge, Department 15
Second Judicial District Court
75 Court Street
Reno, Nevada 89501
Mikki.Merkouris@washoecourts.us

Dated this 24th day of April, 2026.

_Kathryn Reynolds_

KATHRYN REYNOLDS

3

## **INDEX OF EXHIBITS**

| Exhibit | Pages |
|---|---|
| 1. Writ of Mandamus | 1 |
| 2. Advance Option | 26 |

F I L E D
Electronically
CR22-1291
2026-04-24 02:00:44 PM
Alicia L. Lerud
Clerk of the Court
Transaction # 11661239

# EXHIBIT 1

# EXHIBIT 1

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JULIE ENGLE,
Petitioner,
vs.
THE SECOND JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA, IN
AND FOR THE COUNTY OF WASHOE;
AND THE HONORABLE DAVID A.
HARDY, DISTRICT JUDGE,
Respondents,
and
THE STATE OF NEVADA,
Real Party in Interest.

No. 89183

## WRIT OF MANDAMUS

TO: The Honorable David A. Hardy, Judge of the Second Judicial District Court:

WHEREAS, this Court having made and filed its written decision that a writ of mandamus issue,

NOW, THEREFORE, in the case entitled State of Nevada vs. Julie Anne Engle, case number CR22-1291, you are directed to vacate the dishonorable discharge order and enter an order honorably discharging Engle from probation.

WITNESS The Honorables Douglas Herndon, Chief Justice; and Elissa Cadish, Kristina Pickering, Ron Parraguirre, and Patricia Lee, Associate Justices of the Supreme Court of the State of Nevada, and attested by my hand and seal this 16th day of April 2026.



_____
Chief Assistant Clerk

 

F I L E D
Electronically
CR22-1291
2026-04-24 02:00:44 PM
Alicia L. Lerud
Clerk of the Court
Transaction # 11661239

# EXHIBIT 2

# EXHIBIT 2

IN THE SUPREME COURT OF THE STATE OF NEVADA

JULIE ENGLE,
Petitioner,
vs.
THE SECOND JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
WASHOE; AND THE HONORABLE
DAVID A. HARDY, DISTRICT JUDGE,
Respondents,
and
THE STATE OF NEVADA,
Real Party in Interest.

No. 89183

**FILED**

APR 16 2026

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Original petition for a writ of mandamus challenging a district court order denying a motion to set aside a judgment of conviction.

*Petition granted in part and denied in part.*

Evelyn Grosenick, Public Defender, and Kathryn Reynolds, Chief Deputy
Public Defender, Washoe County,
for Petitioner.

Aaron D. Ford, Attorney General, Carson City; Christopher J. Hicks,
District Attorney, and Kevin Naughton, Appellate Deputy District
Attorney, Washoe County,
for Real Party in Interest.

Randolph M. Fiedler, Federal Public Defender, Las Vegas; Goodwin Law
Group, PLLC, and Charles R. Goodwin, Las Vegas,
for Amicus Curiae Nevada Attorneys for Criminal Justice.

26-17402

BEFORE THE SUPREME COURT, EN BANC.

*OPINION*

By the Court, CADISH, J.:

Following petitioner Julie Engle's conviction for attempted residential burglary, the district court suspended Engle's sentence and placed her on probation. As conditions of probation, Engle had to complete a specialty court program and pay restitution. Engle successfully completed a mental health court program and moved the district court to set aside the judgment of conviction under NRS 176A.260(6)(a). After denying the motion because of Engle's failure to pay restitution, the district court dishonorably discharged her from probation.

Engle claims that the economic hardship exception in NRS 176A.430(6) excused her from NRS 176A.260(6)(a)'s requirement that a probationer fulfill the terms and conditions of probation before having a conviction set aside. But while NRS 176A.430(6) excuses a probation violation for nonpayment of restitution when nonpayment is due to economic hardship, that provision does not relieve a defendant from the affirmative obligation to satisfy the restitution requirement to obtain a set-aside of the conviction under NRS 176A.260(6)(a). So, the district court did not manifestly abuse its discretion when it denied Engle's motion to set aside the judgment of conviction. Though writ relief is unwarranted as to the set-aside of Engle's conviction, Engle's economic hardship excused her failure to satisfy the restitution condition for purposes of an honorable discharge from probation under NRS 176A.850. Accordingly, we grant the petition in part to require Engle be granted an honorable discharge.

## FACTS AND PROCEDURAL HISTORY

Engle was convicted of first-offense attempted residential burglary, a felony. In the judgment of conviction, the district court imposed a sentence of 24 to 60 months in prison, suspended execution of the sentence, and placed Engle on probation for 24 months. As probation conditions, the district court ordered her to complete a specialty court program and pay restitution in the amount of $800.

Subsequently, the mental health court entered an order finding that Engle had successfully completed the program but returned Engle's case to the district court because of an unpaid balance with the Division of Parole and Probation, which included the restitution, as well as fees. In its review hearing letter, the mental health court found that "[d]ue to the non-compliance with fees and restitution, Ms. Engle Completed, but did not Graduate from, the Mental Health Court program." In a separate order, however, the mental health court waived the payment of fines and fees totaling $678, finding that Engle had "insufficient income, property, or resources to pay."

At a later hearing before the district court, Engle made an oral motion to set aside her conviction under NRS 176A.260(6)(a), asserting that a set-aside was required because she complied with the terms of probation by completing the specialty court program.[1] The State opposed the motion, arguing that while Engle completed the specialty court program, setting the

---

[1]The parties referred to NRS 176A.240 in the district court, which addresses the drug court program, rather than the mental health court program governed by NRS 176A.260. The statutory language pertaining to a set-aside of a conviction upon completion of a specialty court program is identical in both statutes. Engle completed mental health court, and the parties agree on appeal that NRS 176A.260 governs here.

conviction aside was inappropriate because Engle failed to comply with the financial obligations of her probation, including the payment of restitution. Engle pointed to her economic hardship, arguing that it should excuse her nonpayment pursuant to NRS 176A.430(6). The district court acknowledged that the mental health court had already determined that Engle suffered an economic hardship when it waived her fines and fees but questioned whether hardship resulting in a waiver of fees and fines in the specialty court applied to restitution, which was a condition of Engle's probation.

Ultimately, the district court denied the motion, finding that Engle did not fulfill the conditions of probation because she failed to pay restitution and she was therefore ineligible to have her conviction set aside under NRS 176A.260(6)(a). The district court rejected Engle's argument that the set-aside of her case was mandatory under the statute and *Kabew v. Eighth Judicial District Court*, 140 Nev. 184, 545 P.3d 1137 (2024). The district court opined, however, that Engle was entitled to an honorable discharge from probation because "that's a distinction from dismissal of the charge or a set aside [of the conviction]." Nevertheless, the court subsequently entered an order dishonorably discharging her from probation. Engle petitions this court for a writ of mandamus, challenging both district court decisions.

## DISCUSSION

As the parties acknowledge, Engle has no statutory right to appeal from the district court's denial of her requests for honorable discharge and the setting aside of the judgment of conviction, and she thus lacks an adequate legal remedy, favoring consideration of her petition for writ relief. *Kabew*, 140 Nev. at 186, 545 P.3d at 1139-40 (observing that a writ of mandamus may issue to compel the district court to perform a clear

legal duty when the petitioner lacks "a plain, speedy, and adequate remedy at law"). Moreover, entertaining the petition will clarify an important area of the law—namely, whether a defendant who successfully completes a specialty court program but fails to pay restitution due to economic hardship is entitled to have their judgment of conviction set aside. *Id.* (recognizing that the scope of NRS 176A.240(6)(a)'s application presents an important legal issue); *Sonia F. v. Eighth Jud. Dist. Ct.*, 125 Nev. 495, 498, 215 P.3d 705, 707 (2009) (observing that "the consideration of an extraordinary writ is often justified where an important issue of law needs clarification" (internal quotation omitted)). Therefore, we elect to entertain the petition.

*Engle was not eligible to have her conviction set aside under NRS 176A.260(6)(a) because she did not fulfill all the conditions of her probation*

Mandamus relief is proper only if petitioner establishes a clear legal right to compel the district court's performance of a duty in the manner sought, and it does not lie to control the court's discretion unless that discretion has been manifestly abused or exercised arbitrarily or capriciously. *Round Hill Gen. Imp. Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981). This court has equated a "manifest abuse of discretion" with "[a] clearly erroneous interpretation of the law or a clearly erroneous application of a law or rule." *State v. Eighth Jud. Dist. Ct. (Armstrong)*, 127 Nev. 927, 932, 267 P.3d 777, 780 (2011) (internal quotation marks omitted). Because Engle's petition presents an issue of statutory interpretation, we review the issue de novo. *State v. Barren*, 128 Nev. 337, 340, 279 P.3d 182, 184 (2012) (observing that de novo review applies to statutory construction issues even in the context of a writ petition).

When interpreting statutes, we seek to give effect to the plain and ordinary meaning of the words. *Ramos v. State*, 137 Nev. 721, 722, 499

P.3d 1178, 1180 (2021). And whenever possible, we interpret statutes in harmony with other related statutes to ensure a consistent and coherent legal framework. *Seput v. Lacayo*, 122 Nev. 499, 502, 134 P.3d 733, 735 (2006), *overruled in part by Buzz Stew, LLC v. City of North Las Vegas*, 124 Nev. 224, 228 n.6, 181 P.3d 670, 672 n.6 (2008); *see* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 167 (2012) (explaining that the whole-text canon "calls on the judicial interpreter to consider the entire text, in view of its structure and of the physical and logical relation of its many parts").

In certain circumstances, NRS 176A.260(1)(b) allows the district court to enter a judgment of conviction and place a defendant on probation subject to terms and conditions, including attendance in and completion of a mental health court treatment program. In addition to the treatment program condition, the terms and conditions of probation may include a requirement that the defendant pay restitution. NRS 176A.400(1)(a). In such a case, the failure to pay restitution is a violation of probation "unless the defendant's failure was caused by economic hardship resulting in his or her inability to pay the amount due." NRS 176A.430(6). Separately, "[u]pon fulfillment of the terms and conditions" of probation under NRS 176A.260, the district court "shall" discharge the defendant and set aside the judgment of conviction unless the defendant has previously been convicted of a felony or failed out of a specialty court program. NRS 176A.260(6)(a); *Kabew*, 140 Nev. at 188, 545 P.3d at 1141 (referring to the identical drug court provision in NRS 176A.240(6)(a)). The question here is whether failing to pay restitution due to economic hardship, which cannot be deemed a probation violation per NRS 176A.430(6), nevertheless prevents the probationer from fulfilling the terms and conditions of probation per NRS 176A.260(6)(a).

Engle contends that the law compels the setting aside of her conviction, as she successfully completed the mental health court program and her restitution obligation is excused due to her financial hardship. Engle cites NRS 176A.430(6) and this court's decision in *Kabew* as the legal authority requiring the court to set aside her conviction. The State challenges Engle's interpretation of those authorities as overly broad and inaccurate, and we agree. *Kabew* did not address the precise issue of setting aside a conviction when the defendant successfully completes the specialty court program condition of their probation but fails to pay the restitution condition of their probation due to financial hardship, and we are not persuaded that either *Kabew* or NRS 176A.430(6) applies in the way Engle argues.[2]

In *Kabew*, petitioner Christopher Kabew pleaded guilty to attempted residential burglary and was placed on probation. 140 Nev. at 184, 545 P.3d at 1138. Per the terms of his probation, Kabew successfully completed the drug court treatment program and moved the district court to set aside his conviction under NRS 176A.240(6)(a). *Id.* Without explanation, the district court denied the motion and honorably discharged Kabew from probation. *Id.*

---

[2]Similarly, none of the cases cited by the dissent address the issue of payment of restitution as a condition precedent to setting aside a judgment of conviction. *Attaguile v. State*, 122 Nev. 504, 506-08, 134 P.3d 715, 717-18 (2006) (addressing issues of treatment program eligibility and the interpretation of "two or more separate instances" within the context of the statute); *State v. Second Jud. Dist. Ct. (Hearn)*, 134 Nev. 783, 786-88, 477 P.3d 154, 158-59 (2019) (analyzing the constitutionality of the prosecutorial veto); *Hager v. State*, 135 Nev 246, 250-55, 447 P.3d 1063, 1066-70 (2019) (addressing whether Hager, who was assigned to and completed a mental health court diversion program, was "adjudicated as mentally ill" within the meaning of the statute).

Kabew petitioned for a writ of mandamus, arguing that NRS 176A.240(6)(a) mandated that his conviction be set aside because it uses the word "shall." *Id.* at 186, 545 P.3d at 1139. Interpreting the statute according to its plain text, we determined that if a defendant successfully completes the drug court program and has not previously been convicted of a felony or failed a specialty court program, the district court *must* discharge the defendant and dismiss the proceedings or set aside the judgment of conviction. *Id.* at 187, 545 P.3d at 1140. We concluded that on Kabew's facts, where it was undisputed that he successfully completed the program and had no prior felony conviction or specialty court failure, NRS 176A.240(6)(a) "removes judicial discretion" and thus the district court failed to perform a duty required by law when it declined to set aside the conviction. *Id.* at 189, 545 P.3d at 1142.

Like Kabew, Engle was required to complete the specialty court program as a condition of her probation, and she successfully completed that program according to the mental health court's order returning her case to district court. She similarly had not previously been convicted of a felony or failed a specialty court program. However, unlike Kabew, Engle was ordered to and failed to pay restitution, which was a condition of her probation. This distinction is pivotal. *Kabew* specifically held "that NRS 176A.240(6)(a) removes judicial discretion in cases *where a defendant fulfills the terms and conditions of probation.*" *Id.* (emphasis added). Here, that did not occur, as Engle did not fulfill all the conditions of her probation. Accordingly, we conclude that Engle's case is not on all fours with *Kabew*, and NRS 176A.260(6)(a) does not mandate that her judgment of conviction be set aside unless her economic hardship excuses her failure to fulfill the restitution condition of her probation. We conclude that it does not.

While NRS 176A.430(6) provides that the failure to pay restitution due to economic hardship is *not a violation* of the terms and conditions of probation, a nonviolation of a condition is not equivalent to *fulfilling* that condition, particularly where restitution imposes an affirmative obligation on the probationer to compensate their victim. A statute within the same statutory scheme, NRS 176A.850(1), supports this plain language interpretation of NRS 176A.430(6). In particular, NRS 176A.850 sets forth three distinct categories of probationers eligible for honorable discharge, thereby distinguishing the first group of probationers (those who fulfill the terms and conditions of their probation) from the third group of probationers (those who demonstrate fitness for honorable discharge but cannot satisfy the restitution requirement due to economic hardship):

> 1. A person who:
>
> (a) Has fulfilled the conditions of probation for the entire period thereof;
>
> (b) Is recommended for earlier discharge by the Division; or
>
> (c) Has demonstrated fitness for honorable discharge but because of economic hardship, verified by the Division, has been unable to make restitution as ordered by the court,
>
> may be granted an honorable discharge from probation by order of the court.

Thus, NRS 176A.850(1) shows that, within the larger statutory scheme of NRS Chapter 176A, the legislature views probationers who fulfill all the conditions of probation, including restitution, as distinct from those who fail to pay restitution due to economic hardship. *Meza-Carmona v. Garland*, 113 F.4th 1163, 1167 (9th Cir. 2024) (explaining that "a word or phrase is

Supreme Court
OF
Nevada

(O) 1947A

9

presumed to bear the same meaning throughout a text" (internal quotation marks omitted)).

NRS 176A.850(1) governs a probationer's eligibility for honorable discharge and incorporates excusal of restitution based on economic hardship but provides for district court discretion in making that determination, while NRS 176A.260(6)(a) removes all judicial discretion by *mandating* that a conviction be set aside "upon fulfillment of the terms and conditions [of probation]." *Compare* NRS 176A.850(1) (providing that a probationer "*may* be granted an honorable discharge from probation by order of the court"), *with* NRS 176A.260(6) (providing that the court "*[s]hall* discharge the defendant and dismiss the proceedings or set aside the judgment of conviction"). That NRS 176A.850(1) explicitly lists economic hardship as a nonviolation of probation for purposes of discretionary honorable-discharge eligibility supports that the legislature intentionally omitted such an exemption from NRS 176A.260(6) for purposes of the mandatory setting aside of a conviction based on fulfillment of probation conditions. *State v. Javier C.*, 128 Nev. 536, 541, 289 P.3d 1194, 1197 (2012) ("Nevada follows the maxim . . . the expression of one thing is the exclusion of another."); *Urias v. First Jud. Dist. Ct.*, 141 Nev., Adv. Op. 24, 568 P.3d 576, 581 (2025) (explaining that the legislature's omission of specific language that appears elsewhere in the statutory scheme should be deemed intentional).

Engle's reliance on NRS 176A.840(1) fares no better. That provision allows probationers who meet certain criteria to be discharged early where they failed to pay restitution due to economic hardship. NRS

SUPREME COURT
OF
NEVADA

(O) 1947A

10

176A.840(1).[3]  But that provision similarly does not mandate that the district court grant an early discharge when the statutory requirements are met—rather, it imposes an obligation on the Division of Parole and Probation to petition the court to recommend an early discharge and that probationer "may be granted an honorable discharge" by the court under NRS 176A.850(1)(b).  Nor does NRS 176A.840 apply exclusively to probationers who participate in a specialty court program.  NRS 176A.840(1)(d) requires the completion of a specialty court program "as mandated by the court or the Division," but that specific requirement would not apply in cases where the probationer was not ordered to complete a specialty court program as a condition of probation.  We cannot ignore these salient differences in the statutory language and the fact that NRS 176A.260(6) lacks the economic hardship exemptions found in NRS 176A.850(1) and NRS 176A.840(1).  *See Urias*, 141 Nev., Adv. Op. 24, 568 P.3d at 581.

The dissent asserts that the completion of the mental health court program is the only term and condition that must be satisfied to trigger a mandatory set-aside under NRS 176A.260.  But the plain text of NRS 176A.260(1)(b) and NRS 176A.260(6)(a) says otherwise.  That the plural form of "terms and conditions" is used in both subsections shows that the legislature contemplated other probation requirements—such as

[3]NRS 176A.840(1) provides that the Division of Parole and Probation "shall petition the court to recommend the early discharge" of a probationer who (1) "has not violated any condition of probation during the immediately preceding 12 months," (2) has completed any specialty court program mandated by the court, and (3) has either paid restitution in full "or, because of economic hardship that is verified by the Division, has been unable to make restitution as ordered by the court," among other requirements.

restitution—being satisfied before the court must set aside the conviction. NRS 176A.260(1)(b) (explaining that the court may "place the defendant on probation upon *terms and conditions that must include attendance and successful completion of a [specialty or treatment] program*" (emphasis added)); NRS 176A.260(6)(a) ("Upon fulfillment of the *terms and conditions*," the court must set aside the conviction. (emphasis added)); *see* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 140 (2012) (explaining that "[w]ords are to be given the meaning that proper grammar and usage would assign them").

As the district court observed in denying Engle's request to set aside her conviction, Nevada's constitution protects a victim's right to full and timely restitution. Nev. Const. art. 1, § 8A(1)(*l*). Because the setting aside of Engle's judgment of conviction could undermine that right, that constitutional provision reinforces our reading of NRS 176A.260(6). *State v. Castaneda*, 126 Nev. 478, 481, 245 P.3d 550, 552 (2010) (explaining that "we adhere to the precedent that every reasonable construction must be resorted to, in order to save a statute from unconstitutionality" (internal quotation marks omitted)). Though NRS 176A.850(3) preserves criminal restitution as a civil liability once a defendant is discharged from probation, that statute anticipates the existence of a judgment of conviction upon which to base a corresponding civil liability. *Compare* NRS 176A.850(3) (mandating "civil liability [for unpaid restitution] arising upon the date of discharge" from probation *to be enforced via NRS 176.275), with* NRS 176.275(2) ("A *judgment* which requires a defendant to pay restitution: (a) [m]ay be recorded, docketed and enforced as any other judgment for money rendered in a civil action" and "(b) [d]oes not expire until the

*judgment* is satisfied." (emphases added)).[4] Therefore, we conclude that Engle's economic hardship under NRS 176A.430(6) does not excuse her failure to fulfill the restitution condition of her probation as required to set aside a conviction under NRS 176A.260(6)(a). Accordingly, the district court did not manifestly abuse its discretion in denying Engle's motion to set aside her judgment of conviction.

*Engle was entitled to an honorable discharge under NRS 176A.850(1)*

As discussed above, NRS 176A.850(1) confers discretion on the district court with respect to granting an honorable discharge from probation, as it provides that the court *may* grant such a discharge under certain circumstances. *State v. Am. Bankers Ins. Co.*, 106 Nev. 880, 882, 802 P.2d 1276, 1278 (1990) (explaining that "may" is construed as permissive "unless legislative intent demands another construction"). Though a discretionary decision, the facts support Engle's theory for writ relief as to the district court's dishonorable discharge. The State conceded in district court that Engle did "amazingly well" in mental health court and agreed in its briefing here that Engle was entitled to an honorable discharge under NRS 176A.850. And the district court found that (1) Engle completed the mental health court program, (2) the court did not need an evidentiary

---

[4]Engle proposes that we could issue a writ instructing the district court to have her sign a civil confession of judgment to preserve the restitution obligation and thus avoid a constitutional conflict. But NRS 176A.265(1) provides that a defendant's records are automatically sealed after the defendant is discharged under NRS 176A.260, which may conflict with NRS 17.100(2)'s requirement that a confession of judgment "state concisely the facts out of which it arose." Even if the district court had the discretion to order Engle to sign a civil confession of judgment for her outstanding restitution, Engle does not point to any authority that *requires* the district court to do so; therefore, Engle has not shown entitlement to mandamus on this basis.

hearing to verify the mental health court's conclusion that she was incapable of meeting her financial obligations, and (3) she "[was] entitled to a discharge from probation honorably." So, in ordering a dishonorable discharge, the district court acted in direct contravention of its own factual findings and legal conclusions therefrom, without ever identifying any reason to do so. *Armstrong*, 127 Nev. at 932, 267 P.3d at 780 (defining "arbitrary" as based on preference rather than reason and defining "capricious" as contrary to the evidence). Accordingly, we conclude that the district court exercised its discretion in an arbitrary and capricious manner when it dishonorably discharged Engle from probation, warranting writ relief.

## CONCLUSION

Although NRS 176A.430(6) provides that a criminal defendant's failure to pay restitution due to economic hardship does not result in a violation of the restitution condition of probation, that protection does not equate to fulfillment of the restitution condition as required to have a criminal conviction set aside or dismissed under NRS 176A.260(6)(a). Because Engle failed to satisfy the restitution condition of her probation, a set-aside was not mandated, and the district court did not manifestly abuse its discretion in denying Engle's motion to set aside her conviction. However, Engle's economic hardship excused her failure to pay restitution for purposes of her eligibility for an honorable discharge from probation under NRS 176A.850(1). We therefore conclude that the district court exercised its discretion arbitrarily and capriciously when it dishonorably discharged Engle. Accordingly, we deny Engle's petition as to the district court's denial of her request to set aside her conviction and grant the petition as to Engle's probation status. We direct the clerk of this court to issue a writ of mandamus directing the district court to vacate its

dishonorable discharge order and enter an order honorably discharging Engle from probation.

_____ Cadish, J.
                Cadish


We concur:

_____, C.J.
Herndon

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Lee

STIGLICH, J., with whom BELL, J., agrees, dissenting:

When a defendant is ordered to and subsequently does complete specialty court as a condition of probation under NRS 176A.260, the district court must discharge the defendant from probation and set aside the judgment of conviction. NRS 176A.260(6)(a); *see Kabew v. Eighth Jud. Dist. Ct.*, 140 Nev. 184, 184, 545 P.3d 1137, 1139 (2024) (interpreting analogous relief for a probationer who completes a treatment program for substance misuse under NRS 176A.240(6)(a)). In this opinion, the majority disregards this statutory mandate and holds that a defendant who cannot pay restitution because of economic hardship is not entitled to a set-aside despite completing the specialty court program. As the majority's conclusion punishes Engle by withholding a benefit to which she is entitled, due to a lack of financial resources alone, I respectfully dissent.

*A defendant is entitled to discharge and dismissal or set-aside upon completion of a specialty court program under NRS 176A.260(6)(a)*

NRS 176A.260 provides for the dismissal of criminal proceedings or the vacation of a judgment of conviction upon the successful completion of a diversion program for treatment of mental illness or intellectual disability. *Cf.* NRS 176A.240 (analogous provision regarding substance use disorder treatment program); NRS 176A.290 (analogous provision regarding veterans court). Initially, when certain circumstances exist, a court may place a defendant on probation, subject to terms and conditions that include successful participation in and completion of a program for the treatment of mental illness or intellectual disability. NRS 176A.260(1). "[U]pon fulfillment of the terms and conditions," the court must "discharge the defendant and dismiss the proceedings or set aside the judgment of conviction," absent exceptions not relevant here. NRS 176A.260(6). We have previously indicated, with respect to an analogous

Supreme Court
OF
Nevada

(O) 1947A

specialty court program, that "[w]hen a defendant fulfills the terms and conditions of probation pursuant to a . . . program," the defendant is entitled to be discharged from probation and have the judgment of conviction set aside. *Kabew*, 140 Nev. at 184, 545 P.3d at 1138-39. NRS 176A.260(6), however, is ambiguous as to what must be shown to merit relief. It does not clarify whether fulfillment refers to *all* terms and conditions of probation or those specifically addressed *in that statute*, namely attendance and successful completion of a program for treatment of mental illness or intellectual disability.

We explained in *Kabew* that the purpose of such a provision is to "provid[e] first-time felons who have not previously failed to complete a [specialty] court program an opportunity to reenter society without the impediments of a felony conviction." *Id.* at 188, 545 P.3d at 1141. The district court has no discretion in discharging a defendant from probation and setting aside a conviction under such a provision; it is a statutory mandate. *Id.* at 189, 545 P.3d at 1142. As the majority correctly observes, *Kabew* did not specifically address terms and conditions beyond participation in a specialty court program. This distinction is not material, however, as close examination of the statute, its purpose, and its legislative history demonstrate.

"Under the whole text canon, provisions within a common statutory scheme are interpreted harmoniously with one another in accordance with the general purpose of the statutes." *Urias v. First Jud. Dist. Ct.*, 141 Nev., Adv. Op. 24, 568 P.3d 576, 581 (2025) (citation modified). NRS 176A.840 provides for early discharge from probation and was enacted alongside NRS 176A.240(6)(a), which provides the same relief using the same language as NRS 176A.260(6)(a) in the context of a substance use

disorder treatment program. 2019 Nev. Stat., ch. 633, §§ 17, 22, at 4387, 4390-91. Early discharge may be granted to a probationer who has completed an assigned specialty court or treatment program and has paid restitution unless verified economic hardship precludes paying full restitution. NRS 176A.840(1)(c)-(d). This supports that the broader legislative intent was to ensure that indigency does not bar early discharge from probation. The statute principally addressing restitution aligns with this intent in its provision that failure to pay restitution is not a violation of a condition of probation if the failure results from economic hardship. NRS 176A.430(6).

Enacting verbatim or effectively equivalent language supports that the legislature intended to track existing practice rather than precisely set forth the mechanism of the statute's application.[1] And this court's interpretations of the analogous relief provisions support the reading that discharge and dismissal is warranted upon completion of the specialty court

---

[1]Given that this is pattern language, I disagree with the majority's application of the general rule that omission of a specific hardship exception as to restitution in NRS 176A.260(6)(a) reflects a legislative intent to exclude that consideration. This relief provision in NRS 176A.260(6)(a) directly mirrors that previously enacted in NRS 453.3363(3). 1991 Nev. Stat., ch. 523, § 12, at 1647 (enacting NRS 453.3363); 2001 Nev. Stat. Spec. Sess., ch. 16, § 7, at 259-60 (enacting NRS 176A.260); *see* S.B. 366, Bill Summary, Hearing on S.B. 366 Before the Assemb. Comm. on Ways and Means, 71st Leg., at 149, Exhibit J. (Nev. May 23, 2001) (explaining that the dismissal of the charge upon completion is modeled on the relief in NRS Chapter 453 for drug offenders). And it is mirrored as well in the subsequently enacted NRS 176A.240, NRS 176A.290, and NRS 207.203(4). 2019 Nev. Stat., ch. 633, § 22, at 4390-91 (enacting NRS 176A.240); 2009 Nev. Stat., ch. 44, § 8, at 103-04 (enacting NRS 176A.290); 2011 Nev. Stat., ch. 74, § 2.5, at 305-06 (enacting NRS 207.203). Rather, I conclude that the consistent language indicates an intent that the provisions should be applied consistent with their analogues.

or treatment program. When this court has addressed the relief available pursuant to completing a specialty court or treatment program, the court has described the relief as simply following upon successful completion of that court or program. First, in *Attaguile v. State*, we held that a district court must set aside a conviction upon completion of drug court and any conditions of treatment. 122 Nev. 504, 508, 134 P.3d 715, 718 (2006) (interpreting predecessor statute to NRS 176A.240). The court focused solely on the treatment program and treatment conditions. In *State v. Second Judicial District Court (Hearn)*, we observed of the veterans court program that, "[u]pon successful completion of the program, the charges are dismissed." 134 Nev. 783, 785, 432 P.3d 154, 157 (2018) (construing NRS 176A.290); *see also id.* at 793, 432 P.3d at 163 (Pickering, J., dissenting) ("[I]f the defendant successfully completes the program, 'the court shall discharge the defendant and dismiss the proceedings.'" (quoting NRS 176A.290(4))). *Hearn* thus regarded the relevant terms and conditions to be fulfilled as the completion of the specialty court program itself. In *Hager v. State*, we similarly concluded that "[b]y its plain terms," NRS 176A.260(6)(a) effected the discharge and dismissal of a judgment of conviction "after [Hager] successfully completed Washoe County's mental health court program." 135 Nev. 246, 255, 447 P.3d 1063, 1070 (2019). *Hager* similarly placed its emphasis on whether the probationer successfully completed the probation-assigned treatment program. And we followed the same path most recently in *Kabew*, recognizing that "the Legislature has provided certain probationers a benefit based on their successful completion of a drug court program." 140 Nev. at 188, 545 P.3d at 1141. In each of these instances, a probationer was entitled to relief upon

completion of the specialty court or treatment program itself; that is the term and condition with which "fulfillment" in NRS 176A.260 is concerned.

The court should now clarify that the statutory discharge and dismissal applies upon successful completion of an assigned mental health or intellectual disability treatment program. Other conditions of probation that may remain incomplete should not stand in the way of this relief. We have interpreted these provisions consistently since *Attaguile* in 2006, and the legislature has enacted provisions establishing the same relief as NRS 176A.260(6)(a) on three subsequent occasions. We should construe the legislature as having intended that the provision operate in the same manner as we have previously described this provision and its analogues as operating in several instances—upon completion of the specialty court or treatment program. *See Hoyt v. Paysee*, 51 Nev. 114, 124, 269 P. 607, 609 (1928) (presuming that the legislature was aware of relevant caselaw in enacting a statute).

The majority determines that the plural phrasing "terms and conditions of probation" entails that the legislature envisioned fulfillment of multiple conditions precedent before a conviction may be set aside. This, however, disregards the legislature's inartful drafting and credits it with a degree of precision the text cannot bear. Significantly, at no point in NRS Chapter 176A or elsewhere is a "term" distinguished from a "condition" of probation, nor has this court ever identified a difference between them. Generally, statutes should be construed to give meaning to each word in them, *Mangarella v. State*, 117 Nev. 130, 133, 17 P.3d 989, 991 (2001), and different wording indicates different meanings, *Williams v. State, Dep't of Corr.*, 133 Nev. 594, 598, 402 P.3d 1260, 1264 (2017). The legislature has run afoul of both principles: as there is no daylight between a term and a

condition, each cannot be given independent meaning or different meanings. The legislature's usage of "terms" and "conditions" exhibits a mechanical usage that does not suggest careful drafting, and the text thus repels efforts to treat the plurals of "terms" and "conditions" as precisely selected.

The court therefore should interpret the "inartfully drawn or worded" phrase so as to discern and give force to the statute's legislative purpose. *Fairbanks v. Pavlikowski*, 83 Nev. 80, 84, 423 P.2d 401, 404 (1967). *See also United States v. Epskamp*, 832 F.3d 154, 162 (2d Cir. 2016) ("[M]erely because a statute contains 'examples of inartful drafting' does not mean courts are incapable of discerning its meaning, particularly with the aid of broader statutory context."). The legislature enacted these treatment programs and specialty courts to assist the criminal justice system in addressing circumstances specific to particular groups of individuals, *Hearn*, 134 Nev. at 788, 432 P.3d at 160, and ultimately permit those successfully completing programs to reenter society without being encumbered by a felony conviction, *Kabew*, 140 Nev. at 188-89, 545 P.3d at 1141-42. As in the previous instances discussed above, this aim is promoted by providing relief upon completion of the treatment program or specialty court. Impeding access to this relief, as the majority does today, on the basis of other conditions unrelated to the circumstances for which the legislature specifically authorized the diversion does not promote the legislative intent of these statutory schemes. In short, the use of the plural grammatical number cannot bear the weight the majority places on it.

Here, the district court ordered Engle to complete a specialty court program and pay restitution. While Engle was unable to pay restitution because of economic hardship, she successfully completed the

mental health court program.[2] The district court denied Engle's motion to set aside the judgment, however, despite acknowledging that if it "sentence[d] somebody to the Mental Health Court and they complete, it's a lockbox . . . . They get the [benefit of] the dismissal." This was an accurate statement of law that the district court disregarded in denying Engle's motion and that the majority again disregards today.[3]

The majority's conclusion that unpaid restitution prevents NRS 176A.260 relief has a further unacceptable consequence. The result of the opinion is that, based solely on a financial inability to pay restitution, an indigent defendant cannot have a conviction set aside. The United States Supreme Court has determined that it is unconstitutional to punish a probationer by revoking probation for a person who "has made all reasonable efforts to pay the fine or restitution, and yet cannot do so through no fault of his [or her] own." *Bearden v. Georgia*, 461 U.S. 660, 668-69 (1983). The majority's decision thus creates a concerning constitutional problem of treating people differently because of indigency.

---

[2]The majority opinion notes that Engle completed but did not graduate from the mental health court program. But "successful *completion* of a program" is all that is required. NRS 176A.260(1)(b) (emphasis added). Thus, for purposes of NRS 176A.260, completion versus graduation is a distinction without a difference.

[3]In the second part of the opinion, the majority reverses the district court's order dishonorably discharging Engle from probation and orders an honorable discharge. Because NRS 176A.260(6)(a) requires both a discharge and a setting aside of the conviction, whether that discharge is honorable or dishonorable is neither here nor there. I therefore dissent from that portion of the opinion insofar as NRS 176A.260(6)(a) renders that determination unnecessary.

*Setting the conviction aside does not prevent the execution of the restitution order*

The district court raised concern that setting aside a conviction under NRS 176A.260 with restitution due subverts a victim's constitutional right to restitution. Its concern is well intentioned but misplaced, as setting aside the conviction does not void the obligation to pay restitution. Both things can be true: the defendant is entitled to discharge and dismissal upon completion of specialty court, and the victim is entitled to restitution. Setting aside a conviction does not absolve the defendant of paying restitution.

NRS 176.275(1) provides that a judgment requiring a defendant to pay restitution "constitutes a lien in like manner as a judgment for money rendered in a civil action." A judgment ordering restitution "[m]ay be recorded, docketed, and enforced as any other judgment for money rendered in a civil action" and "[d]oes not expire until the judgment is satisfied." NRS 176.275(2); *see also* NRS 179.225(3) (providing that if extradition restitution is due after the sentence is completed, the remaining amount constitutes a civil liability). "An independent action to enforce a judgment which requires a defendant to pay restitution may be commenced at any time." NRS 176.275(3).

Setting aside the judgment of conviction does not place the parties in circumstances as if the judgment never existed. The statute itself does not envision such an outcome. NRS 176A.260(7) recognizes that the judgment remains "a conviction for the purpose of additional penalties imposed for second or subsequent convictions or the setting of bail." While it is difficult to balance that with its provision—in the next sentence—that "[d]ischarge and dismissal restores the defendant, in the contemplation of the law, to the status occupied before the arrest, indictment or information,"

SUPREME COURT
OF
NEVADA

(O) 1947A

8

NRS 176A.260(7), the statute should be construed in light of the constitution and other statutes. *See State v. Glusman*, 98 Nev. 412, 419, 651 P.2d 639, 644 (1982) ("We have long recognized, as a general principle, that statutes should be construed, if reasonably possible, so as to be in harmony with the constitution."). Under the Nevada Constitution, crime victims have a right "[t]o full and timely restitution." Nev. Const. art. 1, § 8A(1)(*l*). The district court, correspondingly, must set an appropriate restitution amount for each victim. NRS 176.033(3).

Analogous decisions in sister states are instructive. A California statute provides that a probationer who is discharged early from probation shall "be released from all penalties and disabilities resulting from the" conviction even if restitution is outstanding. *People v. Seymour*, 192 Cal. Rptr. 3d 113, 120 (Ct. App. 2015). Notably distinguishable, *Seymour* observes, are statutory mechanisms whereby discretionary relief may be provided. *Id.* at 121-22. In such instances, outstanding restitution obligations would prevent the court from providing relief from the penalties and disabilities of the conviction. *Id.* But here, as in *Seymour*, the statutory relief is mandatory. Nevertheless, that mandatory relief does not excuse paying the remaining amount of restitution, which in California, as in Nevada, is constitutionally owed. *Id.* at 120; *accord People v. Holman*, 155 Cal. Rptr. 3d 164 (Ct. App. 2013). The outstanding restitution likewise does not constitute a basis on which release from the penalties and disabilities of the conviction may be denied. *Seymour*, 192 Cal. Rptr. 3d at 126. Both the probationer's relief and the victim's recovery of restitution are mandatory, and the statutes can and should be construed to give full force to both. *Id.* Nevada's constitutional and statutory schemes align with

California's in these regards, and the court should take California's interpretation of these provisions as instructive.

We should construe the intersection between the relevant constitutional right and statutes similarly. Doing so would serve the goals of harmonizing the relevant statutes and avoiding a constitutional conflict and also advance the aims sought by both probation and restitution. "[P]robation is an act of grace of the State," NRS 213.10705, that aims broadly to further a probationer's rehabilitation, *Seim v. State*, 95 Nev. 89, 93, 590 P.2d 1152, 1154 (1979), while restitution aims to make the victim whole, *Nied v. State*, 138 Nev. 275, 280, 509 P.3d 36, 42 (2022). Diversion to specialty courts allows individuals who complete them "to reenter society without the impediments of a felony conviction." *Kabew*, 140 Nev. at 188, 545 P.3d at 1142. Lacking these impediments, an individual will be far more able to work to earn the money necessary to make restitution. Such integration in the community will facilitate the individual's rehabilitation. *See* Adi Leibovitch, *Punishing on a Curve*, 111 Nw. U.L. Rev. 1205, 1247 (2017) ("Many specialized courts, however, do not merely punish differently; they also treat and rehabilitate, protect victims, and promote other social goals. Juvenile, veterans, and mental-health courts are meant to emphasize the rehabilitation and social integration of unique populations of offenders."). These practical realities advance the policy objectives the legislature set forth in both restitution and probation-relief contexts. NRS 176A.260(7) states that the discharge "restores the defendant" to the status quo ante. Restitution aims to similarly restore the victim. Recognizing the relief that a probationer is entitled to in NRS 176A.260(6)(a) and that the restitution obligation remains in effect best serves both aims. *Cf. Gallagher v. City of Las Vegas*, 114 Nev. 595, 599-600, 959 P.2d 519, 521 (1998)

(considering the policy involved, as well as a statute's spirit and context, in interpreting a statute to give force to its legislative intent).

The majority goes too far in concluding that setting aside the judgment must eliminate this lien. The statute does not require that outcome. Therefore, a victim's entitlement to receive restitution is not jeopardized by the benefit conferred to a defendant for completing a specialty court program under NRS 176A.260.

Pursuant to NRS 176A.260(6)(a), Engle was entitled to discharge and dismissal upon completing mental health court, notwithstanding her inability to pay restitution. Accordingly, I would grant the petition for a writ of mandamus and order that Engle be discharged from probation and the judgment of conviction be set aside in accordance with NRS 176A.260(6)(a). The district court would remain free to enter an order directing payment of any unpaid restitution as a civil liability. I therefore respectfully dissent.

_____, J.
Stiglich

I concur:

_____, J.
Bell

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed electronically with the Nevada Supreme Court on the 24th day of April, 2026. Electronic Service of the foregoing document shall be made in accordance with the Master Service List as follows:

Kevin Naughton, Appellate Deputy
Washoe County District Attorney's Office

I further certify that I served a copy of these documents by providing a copy to:

The Supreme Court of Nevada
Office of the Clerk
201 S. Carson Street
Ste. 201
Carson City, Nevada 89701

/s/ *Kathryn Reynolds*
KATHRYN REYNOLDS
Deputy Public Defender
Washoe County Public Defender's Office
Nevada State Bar No. 10955